David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503)679-1671
ecf@mersenne.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **COBBLER NEVADA, LLC**, *Plaintiff* | Civil Action No.: ……….. 3:15-cv-00866-ST |
| v. | **DEFENDANT GONZALES'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF PURSUANT TO RULE 12(b)(6) AND MEMORANDUM IN SUPPORT THEREOF** |
| **Thomas GONZALES**, *Defendant* | |
| | Request for Oral Argument |

## LOCAL RULE 7-1 CERTIFICATION

In compliance with L.R. 7-1, the undersigned certifies that counsel for Defendant GONZALES has made a good-faith effort to resolve the matters contained within this motion through personal or telephone conferences, but was unable to do so.

## MOTION TO DISMISS

Defendant Thomas GONZALES moves the Court for an order dismissing Plaintiff's second claim for relief (indirect copyright infringement) on the ground that there is no authority under existing law or under a good-faith proposal for an extension of law that would support the imposition of liability for the conduct alleged.

As set forth in the following Memorandum, Plaintiff has failed to allege acts upon which the Court could find Defendant liable for copyright infringement under any secondary-liability theory. Therefore, the second cause of action should be dismissed.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I.   INTRODUCTION

"The Copyright Act does not expressly render anyone liable for infringement committed by another." *Sony v. Universal City*, 464 U.S. 417, 434 (1983). However, courts have developed several common-law doctrines of secondary liability, which are called contributory infringement, vicarious infringement, and inducement of infringement.[1] This Memorandum will set forth the common-law rules for the three theories of secondary liability and show that Plaintiff's allegations fail to satisfy any of them.

### II.   PLAINTIFF'S ALLEGATIONS FAIL TO MEET THE *TWOMBLY*/*IQBAL* STANDARD

As an initial matter, Plaintiff's First Amended Complaint filed 4 November 2015 (doc. 24, "*FAC*") is a bare-bones affair containing mostly irrelevant material cut-and-pasted

---

[1] There is no "indirect infringement" *per se*; Plaintiff's use of this term appears calculated to obfuscate the distinct elements of the three cognizable secondary-liability theories and conceal the fact that its allegations satisfy *none* of them.

from Plaintiff's many other suits in this jurisdiction, with a few equivocal "facts" that fail to make a plausible case for the relief it seeks.  And this is apparently the best Plaintiff can do, after *two* rounds of early discovery authorized by this Court against unrepresented individuals who could not effectively contest Plaintiff's representations to the Court in support of the early discovery, and who could not begin to inquire into other aspects of Plaintiff's allegations.

Plaintiff's factual allegations about Defendant are confined to just four paragraphs (*FAC* ¶¶ 12–14), and if they are taken to be true (as the Court must while reviewing a Motion to Dismiss under R. 12(b)(6)), they establish:

- Plaintiff filed originally against an unidentified person (a "Doe") known only by a numeric computer address, and now believes that Defendant GONZALES is that person;

- The computer address (*not* any particular person, and certainly not Defendant) has been observed distributing Plaintiff's motion picture "multiple times;"

- The computer address (*not* any particular person) "has been observed as associated with the peer-to-peer exchange of a large number of copyrighted titles;" and

- Defendant has been sent "over 400 notices of infringing activity."

Plaintiff's liberal use of the passive voice ("has been observed," "has been sent") raises more questions than it answers, and the allegations fail to pin any culpable conduct on Defendant.  For example, it is not *Defendant* who "was observed" infringing copyrights, but merely a *computer address*.  (One might speculate that Defendant pays

the bill for the Internet service associated with that address, but Plaintiff does not even allege *that* attenuated connection with this matter.)

There is *no* connection alleged between Defendant and a computer having that address – is it Defendant's own computer? Is it someone else's computer that Defendant is somehow responsible for? Whose computer is it, and why is Defendant responsible for it? (If it *is* someone else's computer, why wasn't that person named instead of Mr. GONZALES?)

And though Defendant allegedly "was sent" many notices, Plaintiff never alleges that Defendant *received* them. Why not make that allegation? After all, Plaintiff was granted a subpoena to take Defendant's deposition – and did in fact take the deposition – before naming Defendant in this action. In other words, *before* the rights and protections afforded to any other defendant in a civil suit became available to Mr. GONZALES, Plaintiff was allowed to ask any question it wanted of him. Why not ask "did you receive those notices?" and then allege "Defendant *actually received* many notices"? For that matter, given Plaintiff's apparent knowledge of the content of electronic correspondence purportedly sent to Defendant, why not allege that the correspondence put Defendant on notice of the infringement of *Plaintiff*'s copyright? Why not allege that Plaintiff itself sent some of those notices? That fact, at least, is entirely within Plaintiff's knowledge and control. If it was true, it could have been included among the allegations of the *original* complaint. And if it is not true, then why is it relevant what other correspondence "was sent," if Plaintiff is without even information and belief to say whether it was received, or that it concerned Plaintiff's motion picture?

Plaintiff must do much better, and should have been able to do better, after the Court *twice* aided it by authorizing the issuance of subpoenas to third parties who (at the time) were not accused of any wrongdoing.  Allowing Plaintiff to proceed on factual allegations that do not merely fall short of the line between possibility and plausibility, but are practically non-existent, allows it to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005)).  The Court should dismiss the challenged count.

### III.  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANT FOR COPYRIGHT INFRINGEMENT BY A THIRD PARTY

Although Plaintiff neglects to specify the theory under which it claims damages from Defendant for the copyright infringement of another, consideration of the elements of the three cognizable theories shows that Plaintiff has failed to allege facts that would be sufficient to make out *any* of them.

**Plaintiff Fails to Allege Contributory Infringement**

 "The classic statement of the doctrine [of contributory infringement] is in *Gershwin*, 443 F.2d 1159, 1162: '[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a «contributory» infringer.'"  *Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir., 1996).  As might be expected, virtually every word of that definition has been argued over and construed in one case or another, but Plaintiff does not even allege facts that – if true – would give Defendant knowledge of others' infringing activity – as

3:15-cv-00866-ST
Page 5

Defendant's Rule 12(b)(6) MOTION TO DISMISS

noted above, the only allegation is that notices of infringing activity "were sent," not that Defendant received, read or understood them.

The "knowledge" element is not satisfied constructively: "was sent" does not suffice. ("[Plaintiff's] decision to forgo the DMCA notice protocol 'stripped it of the most powerful evidence of a service provider's knowledge—actual notice of infringement from the copyright holder.'" *UMG Recordings v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1020 (9th Cir. 2013)). And even if "was sent" was enough, notices *from others*, about copyrighted properties *of those others*, cannot be relied upon by a plaintiff who did not bother to try to protect his own property. *Id.* at 1024-26.

Plaintiff's allegations are also deficient in that no "other infringers" are identified, and no acts by Defendant to "induce, cause[] or materially contribute[] to" those others' infringing conduct are alleged. There is no shortage of examples of such material contributions: promoting (*i.e.*, creating an audience for) directly-infringing artists, *Gershwin Publishing Corp. v. Columbia Artists Management*, 443 F.2d 1159 (2nd Cir. 1971); promoting a swap meet and controlling customer and vendor access, *Fonovisa Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996); providing an Internet site and support facilities to help direct infringers find and download copyrighted music, *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). Yet here, Plaintiff does not allege *any* act by Defendant, let alone one that could plausibly be described as Defendant's "material contribution" to the infringing activity of another.

Plaintiff's factual allegations, taken as true, do not give rise to liability for contributory infringement. The *FAC* does not adequately allege secondary liability for infringement under a "contributory infringement" theory, and the claim is properly

subject to dismissal.

**Plaintiff Fails to Allege Vicarious Infringement**

The second theory of secondary copyright-infringement liability that Plaintiff fails to make out is *vicarious infringement*.  Liability under this theory may be found "when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer," *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), fn. 9. (hereinafter "*MGM v. Grokster*").

Plaintiff alleges no facts to suggest that Defendant profited directly from any infringement committed by any third party.  The closest it comes is ¶ 23: "Many parties, **and possibly defendant** have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including plaintiff's movie."  (Emphasis added.)  The mere *possibility* that Defendant was compensated – when Plaintiff itself uses the word – obviously fails to satisfy the *Twombly/Iqbal* standard of pleading.  Further, Plaintiff's allegation is logically inconsistent with the requirements of a vicarious infringement claim: Plaintiff says Defendant was "possibly" compensated for *his own* participation in expanding the availability of pirated content.  But if he had actually participated, then there is no need to pursue an indirect liability theory.  For a successful vicarious infringement case, Plaintiff must plead and prove that *Defendant* profited from the infringement *of another* whom Defendant had the right and ability to control.  Plaintiff has done no such thing, and so its allegations, taken as true, fail to establish liability for vicarious infringement.  The First Amended Complaint's "indirect infringement" count is subject to dismissal if it is interpreted to be a vicarious infringement claim.

**IV.   PLAINTIFF FAILS TO ALLEGE INDUCEMENT OF INFRINGEMENT**

The final theory of secondary copyright-infringement liability that Plaintiff fails to allege is *inducing infringement:* "one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties." *MGM v. Grokster*, 545 U.S. at 936-37.  As with the other two theories, Plaintiff fails to identify any third party who (allegedly) committed copyright infringement, and also does not identify a device that Defendant allegedly distributes, nor any clear expression or other affirmative step by Defendant that suggests his intent to foster such infringement by the third party.

By way of contrast, defendants who *have* been liable for inducing infringement do things like distributing electronic newsletters "promoting [their] software's ability to access popular copyrighted music," *MGM v. Grokster*, 545 U.S. 913,938 (2005) and "prominently featur[ing] a list of 'Box Office Movies'" on a website and inviting a user to upload a torrent file for that movie – "in other words, [the user] would be asked to upload a file that, once downloaded by other users, would lead directly to their obtaining infringing content."  *Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1036 (9th Cir. 2013).

The *FAC* does not allege that Defendant supplied software, operated a website or performed any other act that could possibly be construed as encouraging, fostering or inducing any third party to infringe any copyright at all, let alone *Plaintiff*'s copyright. The complaint fails to state a claim for secondary liability under an "inducement" theory, and is subject to dismissal.

## CONCLUSION

Plaintiff's First Amended Complaint is utterly devoid of factual allegations bearing on many essential elements of an indirect copyright-infringement claim, under *any* of the theories by which such liability could be imposed. Furthermore, the few factual allegations that *are* present are inadequate to raise a possibility of success in establishing the elements for which they are presumably offered. Yet Plaintiff offers only these sparse allegations in support of the legal conclusion that Defendant "facilitated and promoted the use of the Internet for the infringing of plaintiff's exclusive rights" (*FAC* at ¶ 34). The allegations cannot possibly – let alone *plausibly* – carry the weight of the conclusions. And while it is true that granting a motion to dismiss at this stage ordinarily deprives a plaintiff of the opportunity to conduct discovery to substantiate his suspicions, in this case, Plaintiff *has already been granted* authority to conduct such discovery, and it *still* cannot state a claim against Defendant.

For the foregoing reasons, Defendant respectfully requests that Plaintiff's second cause of action be dismissed.

28 December 2015

Date

David H. Madden, SBN OR080396
Attorney for Defendant Thomas GONZALES
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
dhm@mersenne.com
(503)679-1671

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the document entitled:

**DEFENDANT GONZALES'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) AND MEMORANDUM IN SUPPORT THEREOF**

was served upon the parties listed below on the date indicated,

- ☐ by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made:

  - ☐ by delivery of a true copy of the document to the party to be served;

  - ☐ by delivering a true copy of the document to the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served;

  - ☐ by leaving a true copy of the document during working hours at an office maintained by the party to be served for the conduct of business, with the person who is apparently in charge;

  - ☐ by mailing a true copy of the document to the party by first class mail and by any of the following: certified, registered, or express mail with return receipt requested;

- ☐ by delivering a copy of the document to the individual personally;

- ☐ by leaving a copy of the document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

- ☐ by delivering a copy of the document to an agent authorized by appointment or by law to receive service of process;

- ☒ by electronic filing notification (PACER); *or*

- ☐ other: courtesy copy by electronic mail to  crowell@crowell-law.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiff COBBLER NEVADA, LLC

_____        _____
          Date                                    David H. Madden

*3:15-cv-00866-ST*  |  *Certificate of Service*