David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503)679-1671
ecf@mersenne.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COBBLER NEVADA, LLC**,<br>*Plaintiff*<br><br>v.<br><br>**Thomas GONZALES**,<br>*Defendant* | Civil Action No.: ………3:15-cv-00866-SB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS & RECOMMENDATION** |

### DEFENDANT'S RESPONSE TO OBJECTION TO FINDINGS & RECOMMENDATION

Defendant GONZALES submits this Response to Plaintiff COBBLER NEVADA, LLC's ("COBBLER") Objections to Magistrate Judge Beckerman's Findings and Recommendation ("F&R," doc. 35) in favor of granting Defendant GONZALES's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (docs. 27, 29, 30, 35 & 37).  For the reasons discussed below, the Court should ADOPT the magistrate's recommendations and DISMISS the second cause of action with prejudice.  The first cause of action should be DISMISSED with leave to amend.

**INTRODUCTION**

Plaintiff's Objections are long on colorful rhetoric but short on relevant facts, and devoid of persuasive analysis.  Plaintiff impugns Defendant's reputation, asking the Court to "accept[] that Gonzales does not appear in this action with completely clean hands," (*Plaintiff's Objections*, doc. 36, p. 2) but it is not Defendant's hands that are at issue – it is *only* Plaintiff's allegations, taken as true, and whether those allegations would be legally sufficient to support a judgment against Defendant if they could be substantiated.  Magistrate Judge Beckerman correctly found that they are not, and her recommendations should be followed.

**PLAINTIFF'S FIRST CAUSE OF ACTION: DIRECT COPYRIGHT INFRINGEMENT**

While Defendant GONZALES did not initially challenge Plaintiff's first cause of action, Plaintiff's counsel acknowledged at oral argument that it knew a number of other individuals resided at the site of the alleged infringement (Exhibit A, Hearing Transcript, 6:7-15) and that it did *not* know "whether or not [GONZALES] was for sure the first-party direct infringer." (*Id.*, 6:2-4)  Plaintiff had admitted in its initial pleadings that it only knew the defendant by way of a computer address (Complaint, doc. 1, ¶12; *Ex Parte* Motion to Expedite Discovery, doc. 3, p. 2) and Plaintiff's counsel was unable to offer a single fact uncovered during early discovery that would make *Mr. GONZALES* a more likely candidate for the role of direct infringer.

Based on these and other undisputed facts Plaintiff's counsel acknowledged at the hearing, Defendant stated his intent to answer and move immediately for summary judgment on the direct claim under R.56 (Exhibit A, Hearing Transcript, 28:18-21).  But Magistrate Judge Beckerman cut to the chase, finding that Plaintiff's allegations were

insufficient to support the direct-infringement cause of action – that its allegations amounted to nothing more than a *guess* at who is liable (F&R p. 9) – and recommending dismissal under *Petzschke v. Century Aluminum Co.*, 729 F.3d 1104 (9th Cir. 2013).

Plaintiff misinterprets *Petzschke*, which affirmed the dismissal of a "false or misleading securities registration" cause of action under *Iqbal* and *Twombly*. *Petzschke* is on point: it dismissed a federal statutory cause of action over inadequate factual pleadings. Plaintiff's analysis focuses on *Petzschke*'s mention of an earlier case, *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), and specifically on a salacious quote, "why the defendant allegedly took no action to stop that misconduct." (Plaintiff's Objections, p. 2). This focus misses the point entirely: the defendant in *Starr v. Baca* had an *obligation* to stop his deputies from kicking Starr in the face after allowing another group of prisoners into his cell to stab him.

On the facts alleged here, however, the statement is all sizzle and no steak. Defendant had no obligation to Plaintiff, so even if he *did* know of the alleged infringement, he had no duty to do anything about it.

Furthermore, of course, "knowledge of the infringement" and "failure to stop it" are only relevant to the *indirect* infringement claim. Claim 1 is a *direct* infringement count, and Plaintiff has not represented that has an evidentiary basis that would allow it to allege additional facts that would cure its admissions at the hearing. (F&R pp. 8-9.)

Magistrate Judge Beckerman did not err in recommending dismissal of the first cause of action on the basis of facts Plaintiff's counsel conceded at the hearing. The recommendation to dismiss with leave to amend is the correct result, and despite some

nattering about possibility versus plausibility, Plaintiff does not seriously dispute that outcome. The Court should **ADOPT** Judge Beckerman's recommendation and reasoning on this point.

### SECOND CAUSE OF ACTION: INDIRECT COPYRIGHT INFRINGEMENT

Plaintiff's second cause of action for indirect copyright infringement is predicated upon allegations that are insufficient – as a matter of law – to support such liability. Defendant argued, and the Court agreed, that "knowledge of the infringement" means "knowledge of **THE INFRINGEMENT ALLEGED**," *i.e.*, knowledge that *the work in suit* was being copied (F&R, p. 6, fn. 2). *See also*, *UMG Recordings v. Shelter Capital Partners*, 718 F.3d 1006, 1021 (9th Cir. 2013).

Plaintiff clearly dislikes this binding precedent, but rather than distinguish it, COBBLER NEVADA invites the Court to ignore it in favor of "traditional tort liability standards," as exemplified by dog-bite law. But there is no need to frolic so far afield, when clear, on-point and binding precedent is at hand. Magistrate Judge Beckerman correctly determined that Plaintiff's failure to allege (indeed, its *inability* to allege) that it had provided notice to Defendant of the alleged infringement of its rights in *The Cobbler*, is a sufficient stake through the heart of the second cause of action.

However, "lack of notice" is not the only stake – the second and independently fatal problem Plaintiff faces is that it "has not alleged that Gonzales promoted, encouraged enticed, persuaded or induced another to infringe any copyright, let alone Plaintiff's copyright." (F&R, p. 6.) COBBLER NEVADA makes much of the "simple measures" Defendant could allegedly have taken to prevent the infringement, but again, it misrepresents the authority it relies upon for this proposition. For example, it cites

*Religious Technology Center v. Netcom On-Line Communication Services*, 907 F.Supp. 1361 (N.D.Cal. 1995) to suggest that Gonzales could have "simply cancel[ed] [the] account."[1]  But "the account" is not one of thousands of such accounts Gonzales operates on behalf of unaffiliated users or customers – Gonzales is not an Internet Service Provider, and Plaintiff does not allege that he is.  Gonzales is merely a *customer* of an Internet Service Provider; he has *one* account, and can no more "simply" cancel it to prevent alleged infringement, than he can cancel his water service to prevent bathtub drownings.

As to the indirect infringement claim, Plaintiff's allegations fail twice, and there has been no suggestion that they could be amended to overcome their legal deficiencies.  The recommendation to dismiss this claim with prejudice is the only correct outcome.

///

///

///

///

///

///

---

[1] This quote is from Plaintiff's Objections, p. 4.  *Netcom* was decided ten years before the controlling *MGM v. Grokster* case, 545 U.S. 913 (2005), and Plaintiff misstates this portion of the earlier decision.  Netcom was not faulted for failing to cancel an *account*, but for failing to cancel a *message*.

The *Netcom* court actually said "[i]f plaintiffs can prove the knowledge element, Netcom will be liable for contributory infringement since its **failure to simply cancel Erlich's infringing message** and thereby stop an infringing copy from being distributed worldwide constitutes substantial participation in Erlich's public distribution of the message."  907 F.Supp. 1361, 1374 (N.D. Cal. 1995), emphasis added.

In light of the Supreme Court's decision in *Grokster*, though, *Netcom* is simply no longer valid law.

**CONCLUSION**

Magistrate Judge Beckerman's findings and analysis are sound, and her recommendations are balanced and just. The Court should leave dog-bite law to the State of Oregon, and **ADOPT** the Findings and Recommendation: 1) dismiss the indirect infringement claim with prejudice, and 2) dismiss the direct infringement claim with leave to amend.

| | |
|---|---|
| 18 April 2016 | s/David Madden/ |
| Date | David H. Madden, SBN OR080396 |
| | Attorney for Defendant Thomas GONZALES |
| | Mersenne Law |
| | 9600 S.W. Oak Street |
| | Suite 500 |
| | Tigard, Oregon 97223 |
| | dhm@mersenne.com |
| | (503)679-1671 |

# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF OREGON

 3                       PORTLAND DIVISION

 4
    COBBLER NEVADA, LLC,              )
 5                                    )
                       Plaintiff,     ) Case No. 3:15-cv-00866-SB
 6                                    )
                  v.                  )
 7                                    ) March 14, 2016
    THOMAS GONZALES,                  )
 8                                    )
                       Defendant.     ) Portland, Oregon
 9  _____ )

10

11

12

13                         ORAL ARGUMENT

14                    TRANSCRIPT OF PROCEEDINGS

15           BEFORE THE HONORABLE STACIE F. BECKERMAN

16           UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25
```

```
 1                        APPEARANCES

 2   FOR THE PLAINTIFFS:
                         CARL D. CROWELL
 3                       Crowell Law
                         943 Liberty St. SE
 4                       PO Box 923
                         Salem, OR 97308
 5
     FOR THE DEFENDANT:
 6                       DAVID H. MADDEN
                         Mersenne Law LLC
 7                       9600 SW Oak Street
                         Suite 500
 8                       Tigard, OR 97223

 9

10

11

12

13

14

15   COURT REPORTER:     Jill L. Jessup, CSR, RMR, RDR, CRR
                         United States District Courthouse
16                       1000 SW Third Avenue, Room 301
                         Portland, OR 97204
17                       (503)326-8191

18

19                            *   *   *

20

21

22

23

24

25
```

```
 1                    TRANSCRIPT OF PROCEEDINGS

 2                  COBBLER NEVADA, LLC V. GONZALES

 3            DEPUTY COURTROOM CLERK:  Your Honor, we are here on

 4   the matter of Cobbler Nevada, LLC, v. Gonzales, civil case

 5   number 3:15-cv-00866-SB, for oral argument on defendant's

 6   motion to dismiss plaintiff's second claim for relief.

 7   Document No. 27.

 8        Counsel, please state your appearances for the record,

 9   beginning with plaintiff.

10            MR. CROWELL:  Carl Crowell for plaintiff, Your Honor.

11            THE COURT:  Good morning.

12            MR. MADDEN:  David Madden for defendant,

13   Tom Gonzales.

14            THE COURT:  Good morning.

15            MR. MADDEN:  Good morning, Your Honor.

16            THE COURT:  I've read your papers, and the first

17   thing I would like to start with is a brief discussion as to

18   the underlying facts of this case.  It was a little vague on

19   the briefing as to what plaintiff actually learned in the

20   deposition of Mr. Gonzales.

21        So, Mr. Crowell, let me turn to you first.  If you could

22   just briefly set forth your factual basis for both your first

23   count that there's direct infringement here as well as the

24   second count that there's been direct infringement.

25            MR. CROWELL:  Your Honor, the factual basis is
```

(pages omitted)

```
 1        All things being considered, it's -- you know, the
 2   contributory claim is the stronger claim of these two, but ==we==
 3   ==don't know where he was, and we don't know whether== ==or not he==
 4   ==was for sure the first-party direct infringer.==  We believe we
 5   have a good faith basis to name him and continue discovery at
 6   this time.
 7             ==THE COURT:==  ==Do you have any information that there==
 8   ==were other persons living in the residence at the time?==
 9             ==MR. CROWELL:==  ==Absolutely.==  ==He refused to disclose the==
10   ==identity of a number of those parties.==  ==There is --== ==his==
11   ==daughter and his grandson were also in the house, that we know==
12   ==of.==  ==He claims they are not liable for this and they did not do==
13   ==it, but he refused to identify the other parties that were==
14   ==present.==  He claims that they're parties that are protected and
15   that he's not able to disclose who they are.
16             THE COURT:  Is there any evidence that it was an
17   unsecured network, or are the only possible infringers the
18   people present in that home that have access to a
19   password-protected Internet service?
20             MR. CROWELL:  I do not believe there's any indication
21   it's an unsecured network, Your Honor.  I can't be sure on that
22   specific.  I would have to review the transcript.  I don't have
23   any present knowledge, based on my knowledge of the file right
24   now, whether or not -- I believe it was, but I don't -- I can't
25   be sure on that.  I would have to review the transcript.
```

(pages omitted)

```
 1  person was the one who committed the violation.  It's not the
 2  standard in a civil case.  At the same time, you can't just
 3  guess at who it might be.  So I'm struggling with that a little
 4  bit.
 5      I know that there's -- it's the plausibility standard with
 6  regard to these facts, but from what I hear you saying, you're
 7  not challenging the factual basis for Count 1.  You're just
 8  focusing on Count 2; is that correct?
 9          MR. MADDEN:  I'm not challenging the factual
10  allegations for Count 1.
11      Plaintiff's papers say that, you know, both -- both counts
12  are aware of facts that could be added, and that's true.  But
13  in the posture of the case, the defendant can't add facts.  The
14  only person who can add facts right now is Mr. Crowell.  And
15  since he has not done so, the allegation that Mr. Gonzales
16  stole a movie, that's, you know, an allegation that can't be --
17  can't be challenged by me at this point.  Okay?
18      It will certainly be challenged as soon as we answer.  I
19  think there will be an early summary judgment motion because,
20  you know, the -- the facts that I'm aware of don't support the
21  direct infringement either.  But that's as to the indirect
22  infringement.  We don't have knowledge, and we don't have the
23  material contribution.
24          THE COURT:  Okay.  Mr. Crowell, anything further that
25  you would like to add in response to what Mr. Madden has said?
```

(pages omitted)

#### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the document entitled:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS & RECOMMENDATION**

was served upon the parties listed below on the date indicated,

- ☐ by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made:

    - ☐ by delivery of a true copy of the document to the party to be served;

    - ☐ by delivering a true copy of the document to the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served;

    - ☐ by leaving a true copy of the document during working hours at an office maintained by the party to be served for the conduct of business, with the person who is apparently in charge;

    - ☐ by mailing a true copy of the document to the party by first class mail and by any of the following: certified, registered, or express mail with return receipt requested;

- ☐ by delivering a copy of the document to the individual personally;

- ☐ by leaving a copy of the document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

- ☐ by delivering a copy of the document to an agent authorized by appointment or by law to receive service of process;

- ☒ by electronic filing notification (PACER); *or*

- ☐ other:  courtesy copy by electronic mail to  crowell@crowell-law.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiff COBBLER NEVADA, LLC


_____18 April 2016_____     _____
            Date                              David H. Madden