IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COBBLER NEVADA, LLC,**                         3:15-CV-00866-SB

        **Plaintiff,**                          ORDER

v.

**THOMAS GONZALES,**

        **Defendant.**

**BROWN, Judge.**

    Magistrate Judge Stacie Beckerman issued Findings and Recommendation (#35) on March 18, 2016, in which she recommends the Court grant Defendant Thomas Gonzales's Motion (#27) to Dismiss Plaintiff's Second Claim for indirect infringement with prejudice.  The Magistrate Judge also recommends *sua sponte* dismissal of Plaintiff Cobbler Nevada, LLC's First Claim for direct infringement without prejudice.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## I. **Plaintiff's Second Claim**

In his Motion to Dismiss Defendant seeks to dismiss only Plaintiff's Second Claim for indirect infringement for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

After carefully considering Plaintiff's Objections (#37), which reiterate the arguments made in Plaintiff's Response to Defendant's Motion, and reviewing *de novo* the pertinent portions of the record, the Court finds there is not a basis to modify the Findings and Recommendation to dismiss with prejudice Plaintiff's Second Claim.

## II. **Plaintiff's First Claim**

The Magistrate Judge *sua sponte* recommends dismissal without prejudice of Plaintiff's First Claim for direct infringement for failing to state a claim.

Plaintiff argues the Magistrate Judge incorrectly

interpreted the "plausible" standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (1978), to require Plaintiff to provide evidence that it is "likely" to succeed on the merits.

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this standard does not require detailed factual allegations, the Supreme Court has held a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  The "[f]actual allegations must be enough to raise a right to relief above a speculative level" (i*d.*), and the complaint must set forth a "*plausible*" claim for relief.  *Iqbal,* 556 U.S. at 678.

The Ninth Circuit in *Petzschke v. Century Aluminum Co.,* 729 F.3d 1104 (9th Cir. 2013), stated:

> When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation.  *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937 (internal quotation marks omitted).  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, *see Twombly*, 550 U.S. at 554, 127 S. Ct. 1955, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.

*Petzschke,* 729 F. 3d at 1107.

3 - ORDER

Plaintiff alleges Defendant's IP address "has been observed and confirmed as distributing plaintiff's motion picture" and "as associated with the peer-to-peer exchange" of copyrighted materials.  First Am. Compl., ¶¶ 13, 14.  Plaintiff contends Defendant, as the IP subscriber, copied and distributed Plaintiff's copyrighted movie and, therefore, infringed Plaintiff's exclusive rights.  The Magistrate Judge concluded this was "not enough" and noted:

> While it is *possible* that the subscriber is also the person who downloaded the movie, it is also possible that a family member, a resident of the household, or an unknown person engage in the infringing conduct.

F&R at 7 (emphasis in original).

This Court agrees with the Magistrate Judge that Plaintiff has failed to allege sufficient facts to state a plausible claim "tending to exclude the possibility that an alternative explanation is true."

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation (#35).  Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (#27) and **DISMISSES with prejudice** Plaintiff's Second Claim for indirect infringement.  The Court also **DISMISSES**

4 - ORDER

**without prejudice** Plaintiff's First Claim for direct infringement.

This matter is returned to the Magistrate Judge for further proceedings regarding the dismissal of Plaintiff's First Claim without prejudice and, if the Magistrate Judge deems appropriate, to set a schedule for Plaintiff to file an amended complaint to cure the deficiencies already noted.

IT IS SO ORDERED.

DATED this 8th day of June, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

5 - ORDER