David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
(503)679-1671
ecf@mersenne.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

|  |  |  |
|---|---|---|
| **COBBLER NEVADA, LLC**, | ) | Civil Action No.: ........... 3:15-cv-00866-SB |
| *Plaintiff* | ) | |
| | ) | **MOTION FOR AWARD OF COSTS AND** |
| *v.* | ) | **ATTORNEY FEES TO PREVAILING** |
| | ) | **PARTY** |
| **Thomas GONZALES**, | ) | |
| *Defendant* | ) | |
| | ) | |

---

### CERTIFICATES OF COMPLIANCE

In compliance with LR 7-1, the undersigned certifies that counsel for Defendant GONZALES has made a good-faith effort to resolve the matters contained within this motion through personal or telephone conferences, but was unable to do so.

This brief complies with the applicable word-count limitation under LR 54-3(e) because it contains 2,798 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

---

**IN ACCORDANCE** with Fed. R. Civ. P. 54, LR 54-1, 17 U.S.C. § 505 and other authorities, Defendant Thomas GONZALES moves the Court for an award of his costs and fees as the prevailing party on Plaintiff's indirect-infringement claim. He also urges the Court to enter judgment in his favor on the direct-infringement claim Plaintiff brought against him, despite Plaintiff's recent, transparent attempt to avoid liability for making such a meritless accusation. This motion is supported by the following Memorandum of Points and Authorities and the attached documentary exhibits.

## Table of Contents

Cases ........................................................................................................................ i

Statutes ................................................................................................................... i

Introduction ......................................................................................................... 3

Copyright Trolling ............................................................................................... 3

*Cobbler Nevada v. Gonzales* Procedural History ........................................... 5

Legal Argument ................................................................................................... 6

    Defendant is the Prevailing Party on Plaintiff's "Indirect Infringement" Claim ........ 7

    Defendant is the Prevailing Party on Plaintiff's "Direct Infringement" Claim ........... 7

    Defendant is Entitled to His Costs and Reasonable Attorney Fees ........................... 8

    Amount of Fees and Costs ................................................................................... 12

    Conclusion ........................................................................................................... 13

Exhibit A Bill of Costs ...................................................................................... 14

Exhibit B Attorney Time Expended ............................................................... 15

Exhibit C Oregon State Bar Economic Survey ............................................. 16

Certificate of Service .......................................................................................... 17

## Cases

*Bridgeport Music v. WB Music Corp.*, 520 F.3d 588 (6th Cir. 2008)     9

*CRST Van Expedited, Inc. v. EEOC*, 587 U.S. ____ (2016)     8

*Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994)     8, 9, 11

*Kirtsaeng v. John Wiley & Sons*, 579 U.S. ____ (2016)     8, 9, 11

## Statutes

17 U.S.C. § 504 Statutory Damages ................................................................ 3

17 U.S.C. § 505 Costs and Attorney's Fees ................................................ 3, 8

28 U.S.C. § 1338 Exclusive Jurisdiction of Copyright Claims ...................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The present action is one of a large number of identical cases filed in this district by Plaintiff's counsel on behalf of various movie production companies.  They exploit a quirk in U.S. copyright law, and a clear understanding of the economic and litigation model is critical for interpreting the posture of the present case and evaluating Defendant's request for costs and fees.

As a preliminary matter, Defendant notes that the vernacular for discussing these cases contains some colorful terms[1], which plaintiffs often contend are prejudicial and inflammatory – sometimes going so far as to file motions to strike such discussion.  Defendant will mention the terms for purposes of explanation only; he trusts that the Court will not be unduly swayed thereby.  To be clear, Defendant does not contend that Plaintiff or its attorney, Mr. Crowell, is a literal troll (or any other sort of ogre), and there is no evidence whatsoever that Mr. Gonzales is a pirate of any stripe.

### COPYRIGHT TROLLING

U.S. copyright law, 17 U.S.C. §§ 501 *et seq*., contains two provisions that incentivize the litigation strategy Plaintiff has pursued in this case and its brethren.  First, 17 U.S.C. § 504(c) allows statutory damages from as little as $750 ($200 in some situations) to as much as $30,000, with further upward deviations to $150,000 authorized in the text.  Damages within this wide range are available to a prevailing plaintiff with *no evidence at all* that the infringing conduct caused any harm.  And second, 17 U.S.C. § 505 authorizes the prevailing party to recover "full costs [… and …]

---

[1] For example, "troll," "pirate," and "swarm."

*Defendant's Motion for Award of Costs & Fees*

a reasonable attorney's fee" against its opponent.

Since the district courts have exclusive jurisdiction over copyright claims (28 U.S.C. § 1338(a)), the statutes combine to permit a plaintiff to 'make a federal case out of' any alleged infringement with absolutely no requirement to prove damages *and* an unwilling "client" on the hook for all of its attorney's fees.

Yet even this stout lever to extract settlements is not the only tool available to plaintiffs. Because of the complex, technical computer details of the allegations, plaintiffs in these cases require assistance from the Court on at least two occasions: first, to identify the person who pays the bill for Internet service at the location where infringement is alleged; and second, to compel that person's pre-naming testimony (ostensibly to permit the plaintiff to decide whether to apply the lever to the subscriber or to someone else.)

To the Court, and to the rare attorney who becomes involved at this early stage, these procedures are relatively transparent and comprehensible, but to the lay person (usually without counsel) who is subjected to them, they seem to be a barrage of unfamiliar and dangerous legal threats: a notice from their ISP about a lawsuit and a short deadline to appear and be heard on a motion to quash, followed by vaguely threatening letters from plaintiff's attorney and then a subpoena to appear and testify under oath. At the deposition, the non-party witness will certainly be apprised of the seriousness of the matter, the upper end of the damages range, and the fact that anyone who contests the allegations will end up paying the plaintiff's costs and attorney fees in the course of making the (very detailed, intricate and technically challenging) proof. Small wonder, then, that virtually every Internet subscriber targeted by this scheme

chooses settlement (on inexplicably unfavorable stipulated terms).

### *COBBLER NEVADA V. GONZALES* PROCEDURAL HISTORY

The present case was filed in May, 2015, alleging copyright infringement against a Doe
identified only by a computer address and seeking statutory damages and attorney fees
(docket #1, ¶ 36).  A first round of early discovery to the Internet Service Provider was
authorized on the same day (docket #3, 7).  Two months later, Plaintiff sought (and
received) authorization to conduct a Rule 45 deposition of the Internet subscriber
(docket #8-22), a non-party at the time who is now before the Court as defendant
GONZALES.  After the deposition (at which GONZALES was unrepresented), Plaintiff's
counsel apparently felt that he had uncovered sufficient evidence to charge Mr.
GONZALES with both direct and indirect copyright infringement, and he did so in the
first amended complaint filed 4 November 2015 (docket #24).

Mr. GONZALES moved to dismiss the indirect infringement count as not
cognizable under existing law or under a good-faith proposal for an extension of
existing law (docket #27), and after a full complement of briefing (docket #27, 29, 30)
and hearing (docket #34), the Court agreed, "declin[ing] to extend contributory
infringement liability to an individual who has not actively encouraged nor materially
contributed to any infringing activity."  (Findings & Recommendation, docket #35).
Plaintiff objected vigorously (docket #37) but to no avail: Judge Brown adopted the
magistrate judge's Findings & Recommendation by order of 8 June 2016 (docket #39).
This Order also dismissed the direct infringement count with leave to amend.

Plaintiff filed a purported second amended complaint on 5 July 2016 (docket
#41), retreating to its original position that the identity of the alleged infringer is

unknown.  That complaint alleges (with regard to defendant GONZALES) only that Mr. GONZALES "provided internet service to a limited number of parties at [a] residence …" (¶ 18), a knowing mischaracterization of fact that – even if it were true – would not create liability under the Copyright Act.  However, Plaintiff's counsel stated in a Rule 16 conference conducted 11 July 2016 that Mr. GONZALES remains a target of suspicion and might be named again.

After the Rule 16 conference, the Court issued an Order [for Plaintiff] to Show Cause why the matter should not be dismissed for Plaintiff's failure to cure the deficiencies of its allegations against GONZALES, or alternatively for its failure to identify the Doe defendant in a timely manner (it has now been fourteen months since the Court first authorized discovery that Plaintiff represented would unmask the Doe). In response (and after the undersigned met & conferred with Plaintiff's counsel regarding the present Motion for Costs & Fees), Plaintiff filed a voluntary dismissal **without prejudice** under Fed. R. Civ. P. 41(a)(1)(A)(i).

## LEGAL ARGUMENT

GONZALES appreciates Plaintiff's long-delayed (and only *implicit*) acknowledgement that it cannot state a claim against him (notwithstanding its conflicting statement that he remains under suspicion).  Nevertheless, the Court should look carefully at this matter before allowing Plaintiff to succeed with its attempted "cut and run."  And, in any event, the Court should GRANT the present motion to award costs and fees, because:

- Defendant GONZALES is the prevailing party on the "indirect copyright infringement" claim;

- Defendant GONZALES was accused of direct copyright infringement, and as a

result of his efforts at defending those allegations, he is no longer accused of such infringement;

- 35 U.S.C. § 505 permits the prevailing party to recover his full costs, including reasonable attorney fees, in any civil action under the Copyright Act; and

- The circumstances in the present case support the award of costs and fees against Plaintiff and in favor of Defendant.

**Defendant is the Prevailing Party on Plaintiff's "Indirect Infringement" Claim**

Plaintiff advanced a theory of liability against Defendant that was dismissed as legally inadequate under the facts that Plaintiff was able to plead.  Plaintiff has never suggested that it had any other factual basis to support the claim, and its most recent amended complaint does not even assert that an unknown party is liable for indirect copyright infringement.  Defendant is unquestionably the prevailing party on this portion of Plaintiff's case.

**Defendant is the Prevailing Party on Plaintiff's "Direct Infringement" Claim**

Although Plaintiff styled its R.41 dismissal of the claims against GONZALES as "without prejudice," under current federal jurisprudence, GONZALES is the prevailing party here as well.  The Supreme Court recently addressed the question of who is a prevailing party, and stated:

> Common sense undermines the notion that a defendant cannot "prevail" unless the relevant disposition is on the merits.  Plaintiffs and defendants come to court with different objectives.  A plaintiff seeks a material alteration in the legal relationship between the parties.  A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor.  The defendant, of course, might prefer a judgment

vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

*CRST Van Expedited, Inc. v. EEOC*, 587 U.S. ____ (2016)

Plaintiff, having been given an opportunity to amend and state a valid claim against GONZALES, first chose to drop substantive allegations against him, and then to dismiss the case entirely. Defendant has fulfilled his primary objective: to rebuff Plaintiff's allegations (which were not merely inadequate, but actually baseless). Although Plaintiff now hopes to slouch out of the courthouse without accounting for the harm it has done to Mr. GONZALES, the Court should not countenance such behavior.

## Defendant is Entitled to His Costs and Reasonable Attorney Fees

Section 505 of the Copyright Act authorizes the recovery of full costs against any party, and the award of reasonable attorney's fees to the prevailing party as part of the costs. "A court may not treat prevailing plaintiffs and prevailing defendants differently [in a copyright case]," *Kirtsaeng v. John Wiley & Sons*, 579 U.S. ____ (2016); *see also Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994). Costs and fees are awarded in the discretion of the court, neither as a matter of course (*Kirtsaeng* at 4) nor in the court's "unconstrained discretion," (*Kirtsaeng* at 6), but rather in discretion informed by several nonexclusive factors:

- Frivolousness

- Motivation

- Objective unreasonableness[2]

- Considerations of compensation and deterrence

all as they advance the Copyright Act's goals of "enriching the general public through access to creative works," *Fogerty* at 517-18.

### Plaintiff's Claims are Frivolous

Plaintiff brought two claims against Defendant GONZALES: one was legally inadequate, and the other was re-asserted against an unknown party who *remained unknown* despite fourteen months of litigation and considerable inconvenience, anxiety and expense borne by Defendant (and now, even that claim has been dropped).  In fact, although it is conceivable that Plaintiff's claims, brought in this single case, were *merely* frivolous, Plaintiff has brought over 200 cases across the United States, against more than 2,500 Does (as related in the captions of those cases).  Defendant has reviewed a sampling of these, and *without exception* they match the procedure outlined earlier.  It is clear that Plaintiff is *intentionally* pursuing an aggressive litigation strategy that, if not malicious in intent, is indistinguishable from malificent in execution.

### Plaintiff's Claims are Overagressive and Brought for Improper Purpose

Like the plaintiff in *Bridgeport Music v. WB Music Corp.*, 520 F.3d 588 (6th Cir., 2008, mentioned in *Kirtsaeng*), Plaintiff has filed hundreds of cases against thousands of Does across the United States, alleging in every case reviewed by Defendant the same things that were alleged here: that an unknown person downloaded *The Cobbler* and that court assistance is the only way to bring the miscreant to justice.  However, to

---

[2] "Objective unreasonableness" was noted to be "an important factor in assessing fee applications—not the controlling one," *Kirtsaeng* at 10.

*Defendant's Motion for Award of Costs & Fees*

Defendant's knowledge, no case has ever proceeded to trial, and Plaintiff's allegations have never been exposed to adversarial scrutiny.

Further, like the plaintiff in *Bridgeport*, Plaintiff has pressed futile claims (both the legally-insufficient indirect-infringement claim, and the direct-infringement claim unsupported by any relevant factual allegations).  Here, and in its hundreds of other cases, even if Plaintiff is not *intending* to capitalize on the wide and unpredictable liability a target faces and the substantial attorney fees its counsel are able to rack up, it has undeniably maneuvered itself into a position where those statutory damages and fees *incentivize* the overreaching settlements that reward and encourage this litigation strategy.

### Plaintiff's Claims are Objectively Unreasonable

One of Plaintiff's claims was dismissed with prejudice on Defendant's 12(b)(6) motion, and the other was dismissed *sua sponte* by the Court.  Yet Plaintiff disputed the motion to dismiss vigorously, and objected to the Findings and Recommendations, and is expected to contest the present motion as well.  These actions are objectively unreasonable and served no purpose but to increase Defendant's costs and the non-financial stresses on him of the litigation.

### Defendant Should be Compensated for Pressing a Meritorious Defense to a Patently Meritless Copyright Claim

The U.S. Supreme Court in both *Fogerty* and *Kirtsaeng* endorsed and approved the use of fee awards to incentivize a party – defendant *or* plaintiff – to keep fighting against an unreasonable opposing party, noting that the "successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a

successful prosecution of an infringement claim." *Fogerty*, 510 U.S. at 527.  *Kirtsaeng* is even more pointed:

> When a litigant – whether plaintiff or defendant – is clearly correct, the likelihood that he will recover fees from the opposing (*i.e.* unreasonable) party gives him an incentive to litigate the case all the way to the end. […] The copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment)[.]
>
> *Kirtsaeng* 579 U.S. at 7.

As discussed earlier, Plaintiff COBBLER NEVADA LLC has *no reasonable infringement claim* against Defendant GONZALES, and it never should have brought suit against him in the first instance.  But now, having done so, Plaintiff should be charged for the full amount of cost and expense it has forced Defendant to bear.

### *Defendant Should be Compensated to Deter Plaintiff from Pursuing Similar Overaggressive Claims*

A final consideration influencing the Court's award of fees is the ability of such an award to deter unreasonable copyright litigation – *including* the pursuit of invalid claims or claims not supported (or contraindicated) by facts known to the plaintiff at the time of filing, as in the matter at bar.

Certainly, the Court should not discourage legitimate enforcement of valid and valuable copyrights, but neither may it discourage a prevailing defendant such as Mr. GONZALES (*Kirtsaeng*, *Fogerty*) from presenting a meritorious defense.  And in fact, failing to award fees to the prevailing defendant here will encourage the filing of *even more* "thin" cases – equivocal allegations that threaten everyone but fail to clearly implicate anyone, and allegations that (even if true) fail to create liability – the cases

quite literally pay for themselves, if Plaintiff risks no downside by filing them.

## AMOUNT OF FEES AND COSTS

Appendix A lists costs incurred by Defendant in his successful defense of Plaintiff's

claims, and Appendix B lists time claimed by Defendant's attorney in preparing and

presenting this defense.  Appendix C presents Economic Survey excerpts, per L.R. 54-

3(a).

Defendant's counsel is a 13th-year attorney, admitted in California and Oregon,

who practices mainly in patent and IP law.  He holds a degree in electrical engineering

from Johns Hopkins University and worked as a computer and network engineer for

over twenty years.  He has devoted considerable time and programming effort to

understanding the technical underpinnings of these BitTorrent copyright cases, and has

defended a number of individuals threatened by them.  His normal billing rate is

$325$\frac{00}{}$/hour, but here he seeks only 312$\frac{00}{}$/hour, a rate that has been awarded to

Plaintiff's counsel in a comparable case (*see Voltage Pictures v. Pecsok*, 3:14-cv-1407-AC,

2015 WL 3892394).

The amounts claimed relate only to the successful defense of the indirect-

infringement claim (including responding to Plaintiff's objections to this Court's

Findings and Recommendations).  Time spent preparing the present motion is ***not***

included, as that time (like Plaintiff's time prior to service in these cases) must be spent

in any event, and should not be part of the lever used to threaten an opposing party.

The Court should award Defendant costs in the amount of $264.60 and

reasonable attorney's fees in the amount of $17,222.40.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the

following relief on this motion, as follows:

- Dismissal of the present action <u>with prejudice</u>; and

- Award of his costs and fees,

and for such other and further relief as the Court deems appropriate.


19 July 2016

_____          _____

         Date                          David H. Madden, SBN OR080396
                                       **Attorney for Defendant Thomas GONZALES**
                                       **Mersenne Law**
                                       9600 S.W. Oak Street
                                       Suite 500
                                       Tigard, Oregon 97223
                                       dhm@mersenne.com
                                       (503)679-1671

## Exhibit A
## Bill of Costs

| | Date | Source Name | Memo | Account | Amount |
|---|---|---|---|---|---|
| **Gonzales, Thomas** | | | | | |
| | 12/10/2015 | Portland | @ Klarquist | Parking | 2.40 |
| | 03/08/2016 | Portland | MultCo DHS | Parking | 3.00 |
| | 03/14/2016 | SmartPark | Gonzales MTD hearing | Parking | 7.00 |
| | 04/13/2016 | Jill Jessup | 3/14/2016 MTD Hearing | Court Reporting | 252.20 |
| Total Gonzales, Thomas | | | | | 264.60 |
| **TOTAL** | | | | | **264.60** |

AO 133    (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| v. | ) | Case No.: |
|  | ) |  |
|  | ) |  |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____ against _____ ,

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $_____ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | _____ |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of court-appointed experts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | _____ |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| TOTAL | $_____ |

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

❏   Electronic service          ❏     First class mail, postage prepaid

❏   Other:  _____

s/ Attorney:  _____

Name of Attorney:  _____

For:  _____          Date:  _____
*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of  _____  and included in the judgment.

_____          By:  _____          _____
*Clerk of Court*                              *Deputy Clerk*                              *Date*

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | TOTAL | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

## EXHIBIT B
## ATTORNEY TIME EXPENDED

**Mersenne Law**
# Time by Job Detail
## All Transactions

| Date | Notes | Duration |
|------|-------|----------|
| 12/09/2015 | Initial client conference | 1.40 |
| 12/16/2015 | Research indirect / contributory / inducing infringement liability | 1.30 |
| 12/18/2015 | Tel conf re: current status; TG expects deposition transcript this weekend, will bring Monday w/ ot | 0.10 |
| 12/19/2015 | Research secondary infringement liability; begin prep of 12b6 mtn | 2.50 |
| 12/20/2015 | Research, draft 12(b)(6) on indirect infringement claim | 3.30 |
| 12/21/2015 | Notice of rep to plaintiff | 0.30 |
| 12/22/2015 | Email w/ Crowell re: MTD | 0.60 |
| 12/22/2015 | Initial readthru deposition & exhibits | 1.20 |
| 12/23/2015 | Continue deposition / exhibit review | 1.30 |
| 12/23/2015 | Review elder abuse cases & new FRCP | ~~0.50~~ |
| 12/23/2015 | Research effect of DMCA notice (not received, not for allegedly-infringed work) | 1.10 |
| 12/24/2015 | Review UMG v. Shelter Capital & citing cases | 1.00 |
| 12/28/2015 | Forward consent judgment offer to client; discuss case background with DHS; research "red flag" kno | 1.60 |
| 12/28/2015 | Wrap up 12(b)(6) motion (expand elements of 3 possible theories of indirect infringement) | 2.30 |
| 01/05/2016 | MTD Reply: review response, read Ellison case | 0.40 |
| 01/09/2016 | Research Cobbler cases & cited precedent; complete first draft of MTD reply brief | 5.40 |
| 01/20/2016 | Review, drafting reply MTD | 1.20 |
| 01/21/2016 | Wrap up MTD Reply draft; prep & sign filing copy; file via PACER | 2.50 |
| 02/03/2016 | Email conv. w/ TG re: current case status, Motion to Dismiss scheduling, future activity | 0.40 |
| 02/04/2016 | Draft RFPs & proposal to begin discovery conf from Crowell | ~~0.40~~ |
| 02/14/2016 | Dft's first RFP, RFA | ~~1.30~~ |
| 02/15/2016 | Email re: info for answer | ~~0.20~~ |
| 02/23/2016 | Client conference re: MTD, Answer | ~~0.50~~ |
| 02/23/2016 | Investigate Adult Foster Home rules & policies | 0.80 |
| 03/06/2016 | Prepare answer | ~~2.30~~ |
| 03/06/2016 | Program to retrieve Cobbler torrent files | 0.30 |
| 03/08/2016 | Meet w/ Kathlyn Walker & AFH personnel | 0.70 |
| 03/08/2016 | Meet w/ MultCo DHS re: AFH licensing, regulations, policies | 0.30 |
| 03/08/2016 | Meet w/ MultCo DHS re: AFH compliance reports & other information available | 0.40 |
| 03/08/2016 | Draft BitTorrent tech allegations | 1.20 |
| 03/09/2016 | Prepare remarks & notes for MTD hearing | 1.70 |
| 03/10/2016 | Prep remarks, case notes, practice delivery | 4.00 |
| 03/11/2016 | Mock hearing w/ JG, KH | ~~2.00~~ |
| 03/14/2016 | Final review, prep for MTD hearing | 0.50 |
| 03/14/2016 | Motion to Dismiss hearing | 1.00 |
| 03/14/2016 | MTD debrief, next steps | ~~0.50~~ |
| 03/14/2016 | Client email reporting outcome & next steps | 0.30 |
| 03/21/2016 | M&C w/ CC re: pltf will dismiss w/ prejudice, no costs/fees | 0.20 |
| 03/21/2016 | Report MTD F&R and CC's "walkaway" offer to TG | 0.40 |
| 03/28/2016 | Discuss Crowell "walkaway" offer w/ Tom Gonzales | 0.30 |
| 03/29/2016 | Respond to Crowell "walkaway" offer | 0.50 |
| 03/29/2016 | Investigate magistrate F&R practice - FRCP72 | 0.20 |
| 03/29/2016 | Look into Australian authority re: technical competence of German investigators & "sharp practices" | 0.50 |
| 03/29/2016 | Further email correspondence w/ Crowell: in hole, stop digging. | 0.30 |
| 04/04/2016 | Review COBBLER objections, start drafting response | 1.60 |
| 04/11/2016 | Complete first draft of Response to Objections | 4.40 |
| 04/12/2016 | Review & mark up MTD hearing transcript | 0.70 |
| 04/18/2016 | Final editing Rsp to Objections; prep & file | 3.20 |
| 04/19/2016 | Prep & mail Judge's Copy | ~~0.50~~ |
| 04/29/2016 | Research film licensing procedures | 0.40 |

**Mersenne Law**

## Time by Job Detail

### All Transactions

| | | |
|---|---|---|
| 06/08/2016 | Download, review, report order re: Beckerman F&R | 0.30 |
| 07/05/2016 | Research rules for amending to completely switch parties | 1.30 |
| 07/07/2016 | M&C re: second amended complaint; CC to set up conference w/ court next week | 0.90 |
| 07/11/2016 | Review docket, 2AC, R.15 vs. R.21 caselaw for R.16 conference | 0.50 |
| 07/11/2016 | R.16 conf.  Court takes matter under advisement. | 0.40 |
| 07/11/2016 | Michael Lied memo re: Fee Petitions in Federal Court | ~~0.20~~ |
| 07/12/2016 | Begin drafting fees motion -- introduction, copyright trolling description | ~~3.40~~ |
| 07/12/2016 | Fees motion - procedural history | ~~0.90~~ |
| 07/12/2016 | Fees motion - summary of argument | ~~0.80~~ |
| 07/12/2016 | Fees motion - direct-infringement claim | ~~1.20~~ |
| 07/12/2016 | Fees motion - 4 Kirtsaeng factors | ~~1.70~~ |
| 07/13/2016 | Email client re: OSC | ~~0.30~~ |
| 07/14/2016 | Tel conf w/ client re: recent developments, settlement possibility, future actions | ~~0.20~~ |
| 07/14/2016 | M&C email to Crowell re: fees motion | ~~0.20~~ |
| 07/14/2016 | Update fees mtn re: OSC; continue drafting compensation rationales | ~~1.50~~ |
| 07/15/2016 | Fees motion - "deterrence" | ~~0.50~~ |
| 07/15/2016 | Extract & format info from accounting system | ~~1.20~~ |

**Total Gonzales, Thomas**          55.20

**$17,222.40**

## EXHIBIT C
## OREGON STATE BAR ECONOMIC SURVEY



Oregon State Bar

# OREGON STATE BAR

# 2012 ECONOMIC SURVEY

Addendum Includes Additional Analyses by Race/Ethnicity Categories

**AUGUST 2012 (REVISED JULY 2013)**

©2012 OREGON STATE BAR
ALL RIGHTS RESERVED

**Billing Rate:** The average, median, 25th percentile, 75th percentile, 95th percentile and high hourly billing rates are included in the following table. This data includes attorneys in private practice working full-time, part-time by choice, or part-time due to lack of legal work. For Oregon, the average and median billing rates of $242 and $225 per hour compare to $213 and $200 in the 2007 survey.

**Hourly Billing Rate All Respondents** – Private Practice

| Hourly Billing Rate | Oregon | Portland | Tri-County | Upper Valley | Lower Valley | Southern Oregon | Eastern Oregon | Oregon Coast |
|---|---|---|---|---|---|---|---|---|
| Average | $242 | $284 | $216 | $218 | $230 | $215 | $209 | $190 |
| Median | $225 | $275 | $210 | $208 | $225 | $200 | $200 | $188 |
| Low | $20 | $60 | $21 | $20 | $20 | $115 | $45 | $33 |
| 25th Percentile | $180 | $200 | $175 | $170 | $176 | $200 | $165 | $171 |
| 75th Percentile | $295 | $350 | $250 | $275 | $250 | $240 | $243 | $200 |
| 95th Percentile | $405 | $450 | $350 | $323 | $394 | $269 | $300 | $289 |
| High | $675 | $675 | $525 | $425 | $550 | $375 | $510 | $300 |
| Number of Respondents | 964 | 366 | 261 | 91 | 90 | 54 | 72 | 30 |

**Total Years Admitted to Practice:** Average, median, 25th percentile, 75th percentile, and 95th percentile hourly billing rates by total years admitted to practice are presented in the following table. This data includes attorneys in private practice working full-time, part-time by choice, or part-time due to lack of legal work. For Oregon, the average and median billing rates were generally higher with more years admitted to practice. Regional data exhibits some variations, but generally follows the trend of higher rates as years of experience increase.

**Hourly Billing Rate by Total Years Admitted to Practice** – Private Practice

| Years Admitted | | Oregon | Portland | Tri-County | Upper Valley | Lower Valley | Southern Oregon | Eastern Oregon | Oregon Coast |
|---|---|---|---|---|---|---|---|---|---|
| | Average | $156 | $182 | $143 | $150 | $128 | n/a | $158 | n/a |
| | Median | $163 | $175 | $150 | $150 | $150 | n/a | $165 | n/a |
| 0-3 Years | 25th Percentile | $146 | $163 | $101 | $146 | $113 | n/a | $154 | n/a |
| | 75th Percentile | $185 | $198 | $198 | $175 | $169 | n/a | $165 | n/a |
| | 95th Percentile | $229 | $246 | $220 | $193 | $175 | n/a | $173 | n/a |
| | Average | $195 | $210 | $192 | $183 | $176 | n/a | $177 | n/a |
| | Median | $198 | $218 | $200 | $180 | $183 | n/a | $185 | n/a |
| 4-6 Years | 25th Percentile | $156 | $160 | $150 | $160 | $169 | n/a | $175 | n/a |
| | 75th Percentile | $233 | $250 | $250 | $213 | $196 | n/a | $200 | n/a |
| | 95th Percentile | $286 | $295 | $269 | $258 | $236 | n/a | $200 | n/a |

BILLING PRACTICES

**Hourly Billing Rate by Total Years Admitted to Practice** – **Private Practice** *Continued*

| Years Admitted | | Oregon | Portland | Tri-County | Upper Valley | Lower Valley | Southern Oregon | Eastern Oregon | Oregon Coast |
|---|---|---|---|---|---|---|---|---|---|
| 7-9 Years | Average | $228 | $258 | $209 | $208 | n/a | n/a | $168 | n/a |
| | Median | $225 | $250 | $200 | $185 | n/a | n/a | $173 | n/a |
| | 25th Percentile | $186 | $225 | $187 | $180 | n/a | n/a | $150 | n/a |
| | 75th Percentile | $270 | $295 | $225 | $200 | n/a | n/a | $218 | n/a |
| | 95th Percentile | $334 | $375 | $300 | $280 | n/a | n/a | $236 | n/a |
| 10-12 Years | Average | $247 | $280 | $221 | n/a | $244 | n/a | n/a | n/a |
| | Median | $240 | $275 | $200 | n/a | $225 | n/a | n/a | n/a |
| | 25th Percentile | $196 | $233 | $176 | n/a | $225 | n/a | n/a | n/a |
| | 75th Percentile | $275 | $300 | $258 | n/a | $228 | n/a | n/a | n/a |
| | 95th Percentile | $369 | $428 | $290 | n/a | $314 | n/a | n/a | n/a |
| 13-15 Years | Average | $253 | $312 | $213 | $247 | $239 | n/a | $180 | n/a |
| | Median | $250 | $300 | $238 | $265 | $195 | n/a | $175 | n/a |
| | 25th Percentile | $185 | $261 | $153 | $215 | $183 | n/a | $175 | n/a |
| | 75th Percentile | $300 | $379 | $250 | $290 | $278 | n/a | $200 | n/a |
| | 95th Percentile | $428 | $435 | $335 | $298 | $380 | n/a | $200 | n/a |
| 16-20 Years | Average | $226 | $256 | $200 | $243 | $209 | $215 | $215 | n/a |
| | Median | $225 | $250 | $200 | $250 | $210 | $225 | $225 | n/a |
| | 25th Percentile | $180 | $200 | $155 | $188 | $179 | $210 | $183 | n/a |
| | 75th Percentile | $250 | $300 | $250 | $288 | $228 | $225 | $244 | n/a |
| | 95th Percentile | $350 | $380 | $331 | $335 | $255 | $250 | $264 | n/a |
| 21-30 Years | Average | $267 | $326 | $212 | $225 | $277 | $231 | $203 | $167 |
| | Median | $250 | $333 | $220 | $220 | $250 | $200 | $200 | $165 |
| | 25th Percentile | $200 | $251 | $175 | $170 | $225 | $200 | $150 | $138 |
| | 75th Percentile | $350 | $399 | $250 | $269 | $300 | $250 | $224 | $206 |
| | 95th Percentile | $450 | $470 | $313 | $319 | $411 | $320 | $300 | $274 |
| Over 30 Years | Average | $282 | $340 | $259 | $270 | $274 | $229 | $257 | $217 |
| | Median | $250 | $350 | $250 | $275 | $250 | $225 | $250 | $200 |
| | 25th Percentile | $211 | $275 | $200 | $240 | $229 | $200 | $200 | $195 |
| | 75th Percentile | $350 | $400 | $300 | $300 | $278 | $250 | $275 | $250 |
| | 95th Percentile | $450 | $500 | $375 | $350 | $487 | $275 | $350 | $285 |

**OREGON STATE BAR** 2012 **ECONOMIC SURVEY**

**Area of Private Practice:** For attorneys in private practice, the average, median, 25th percentile, 75th percentile, and 95th percentile hourly billing rate by area of private practice is presented in the following table. This data includes attorneys in private practice working full-time, part-time by choice, or part-time due to lack of legal work. For Oregon, the average hourly billing rates range from a low of $190 per hour for civil litigation-insurance defense to a high of $291 for civil litigation-defendant (excludes insurance defense) The highest median billing rate was $275 for both business/corporate - litigation and business/corporate - transactional. In general, the highest hourly billing rates were in Portland.

**Hourly Billing Rate by Area of Practice – Private Practice**

| Area of Private Practice | | Oregon | Portland | Tri-County | Upper Valley | Lower Valley | Southern Oregon | Eastern Oregon | Oregon Coast |
|---|---|---|---|---|---|---|---|---|---|
| Bankruptcy | Average | $269 | $356 | $231 | n/a | n/a | $259 | n/a | n/a |
| | Median | $250 | $380 | $225 | n/a | n/a | $250 | n/a | n/a |
| | 25th Percentile | $210 | $305 | $200 | n/a | n/a | $220 | n/a | n/a |
| | 75th Percentile | $320 | $410 | $250 | n/a | n/a | $250 | n/a | n/a |
| | 95th Percentile | $416 | $429 | $312 | n/a | n/a | $350 | n/a | n/a |
| Business/ Corporate – Litigation | Average | $284 | $311 | $252 | n/a | n/a | n/a | n/a | n/a |
| | Median | $275 | $300 | $248 | n/a | n/a | n/a | n/a | n/a |
| | 25th Percentile | $225 | $255 | $174 | n/a | n/a | n/a | n/a | n/a |
| | 75th Percentile | $328 | $360 | $258 | n/a | n/a | n/a | n/a | n/a |
| | 95th Percentile | $450 | $450 | $459 | n/a | n/a | n/a | n/a | n/a |
| Business/ Corporate – Transactional | Average | $285 | $345 | $235 | $235 | $251 | n/a | n/a | n/a |
| | Median | $275 | $350 | $240 | $240 | $235 | n/a | n/a | n/a |
| | 25th Percentile | $204 | $281 | $175 | $240 | $200 | n/a | n/a | n/a |
| | 75th Percentile | $350 | $405 | $300 | $275 | $259 | n/a | n/a | n/a |
| | 95th Percentile | $468 | $488 | $350 | $275 | $383 | n/a | n/a | n/a |
| Civil Litigation, Defendant (excludes Insurance Defense) | Average | $291 | $309 | $233 | n/a | n/a | n/a | n/a | n/a |
| | Median | $250 | $275 | $235 | n/a | n/a | n/a | n/a | n/a |
| | 25th Percentile | $225 | $225 | $210 | n/a | n/a | n/a | n/a | n/a |
| | 75th Percentile | $375 | $375 | $263 | n/a | n/a | n/a | n/a | n/a |
| | 95th Percentile | $450 | $453 | $293 | n/a | n/a | n/a | n/a | n/a |
| Civil Litigation, Insurance Defense | Average | $190 | $194 | $179 | n/a | n/a | n/a | n/a | n/a |
| | Median | $180 | $185 | $170 | n/a | n/a | n/a | n/a | n/a |
| | 25th Percentile | $160 | $165 | $139 | n/a | n/a | n/a | n/a | n/a |
| | 75th Percentile | $205 | $220 | $196 | n/a | n/a | n/a | n/a | n/a |
| | 95th Percentile | $289 | $289 | $256 | n/a | n/a | n/a | n/a | n/a |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the document entitled:

**MOTION FOR AWARD OF COSTS AND ATTORNEY'S FEES TO PREVAILING PARTY**

was served upon the parties listed below on the date indicated,

☐  by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made:

    ☐  by delivery of a true copy of the document to the party to be served;

    ☐  by delivering a true copy of the document to the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served;

    ☐  by leaving a true copy of the document during working hours at an office maintained by the party to be served for the conduct of business, with the person who is apparently in charge;

    ☐  by mailing a true copy of the document to the party by first class mail and by any of the following: certified, registered, or express mail with return receipt requested;

☐  by delivering a copy of the document to the individual personally;

☐  by leaving a copy of the document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

☐  by delivering a copy of the document to an agent authorized by appointment or by law to receive service of process;

☒  by electronic filing notification (PACER); *or*

☐  other:  courtesy copy by electronic mail to  crowell@crowell-law.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiff COBBLER NEVADA LLC

_____     _____
           Date                      David H. Madden