Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email:  drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COBBLER NEVADA, LLC**, | Case No.: 3:15-cv-00866-SB |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR COSTS AND ATTORNEY FEES.** |
| v. | |
| **DOE-24.21.136.125,** | |
| Defendant. | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR COSTS AND ATTORNEY FEES.

Thomas Gonzales ("Gonzales"), through counsel, has moved for relief under FRCP 54, 54-1 and 17 U.S.C. § 505 for costs, fees and for a judgment of non-infringement.   For the reasons argued below, Gonzales' motion is without legal or factual support and should be denied in full.

### I.      Background of This Action and Related Cases.

Gonzales and his counsel tell a story with respect to "copyright trolls" and paint a picture of an "exploit" in copyright law, an attempt to leverage economic settlements "with no evidence at all," and publicly refer to plaintiff's actions as "an extremely dangerous scam."  But there is a problem with the picture painted by Gonzales and his counsel, and that is, it is simply not true

with respect to this case and this Court.  And this is not the first time attorney Madden has come

to court with this premise.  As Judge Aiken previously noted when attorney Madden raised

similar allegations:

> Defendant also claims that plaintiff has perpetuated a fraud on the courts by using
> fictitious declarants. However, defendant only cites a purported fictitious
> declarant asserted by another attorney in another case in another district in a
> discovery motion. There is no allegation of such activity in this case. Defendant
> further claims that plaintiffs exploit false positives, but other than denying
> infringing plaintiffs' copyright, plaintiff [*sic*] does not allege how defendants [*sic*]
> know that he is innocent, but are attempting to extract a settlement from him
> anyway.

*Voltage at. al. v. Revitch*, 6:14-cv-00301-AA, Fn.2 (D.Or. Jan. 23, 2015.)(David Madden counsel

for defendant.)("*Revitch*").

In contrast with the innuendo and arguments of Gonzales, there is significant evidence of

infringing activity in this case. The allegations include over 400 notices of infringing activity, a

confirmation that many were received, and persistent and continuing infringing activity

facilitated if not perpetrated by Gonzales.  Decl. Counsel ¶ 8; Exhibit 1, p. 2, Deposition of Mr.

Gonzales.  Mr. Gonzales further materially misrepresented where he lived, claiming to live

elsewhere, then when caught in his lie he admitted he resided at the location of the infringing

activity "a couple of nights a week" and when trying to ascertain where else he might reside he

eventually stated, "I don't live anywhere right now."  Exhibit 1, p. 9.

Further at one point Gonzales claimed he was taking steps to stop the activity ("I told

everybody to … not do it anymore."  Exhibit 1, p. 4) but it was later clarified that maybe his

daughter may have discussed it with residents, but he did not know what if anything might have

been done.  Exhibit 1, pp. 8-9.

With the allegations of Cobbler as per the complaint, and Gonzales receiving hundreds of

notices from various third parties over a period of years, there can be little doubt that significant

infringing activity was occurring at the Gonzales residence through the internet service paid for and maintained by Gonzales.  And it is not just plaintiff that has observed such activity, but as per the notices known to have been received and produced by Gonzales, several other significant investigators of illegal BitTorrent activity share plaintiff's observations. Nor is it contested that Gonzales knew of this infringing activity and allowed it to continue for years after repeated and express notice.  Decl. Counsel ¶ 9

This case is not about whether or not there was infringing activity.  It is clear that Gonzales allowed, if not facilitated or even conducted such activity through his internet service and that he continued to provide that service for both his own use and to his paying clients with no steps whatsoever taken in response to hundreds of notices.  Exhibit 1, p. 6.

Just as significant, this is not a case about attempts to economically exploit Gonzales or anyone else.  Gonzales has to dance carefully around his allegations and innuendo related "economic exploitation" as *plaintiff repeatedly offered to resolve this matter for no money whatsoever – no damages, no costs, no fees*, only for Gonzales to reasonably address the persistent and continuing infringing activity that if he was not personally perpetrating, was clearly facilitating through the continued maintenance of his internet service and ignoring of notices.   Exhibit 2, Email to Gonzales, ("…willing to waive claims for damages on your agreement that you will not allow this to continue.   To that end, I submit the attached Complaint and Stipulated Consent Judgment that fully resolves this matter without any assessment of costs, fees or damages.")  As with the claims and arguments in *Revitch* the arguments for costs and fees in this case pertain to isolated allegations in other cases, with other attorneys in other districts and do not rest on facts in this case or this district.

Gonzales, and more likely his counsel, would like to have this court effectively sanction plaintiff for attempting to economically "exploit" Gonzales based on a personal professed view

of this case being "an extremely dangerous scam." But the facts are that money has never been a goal of plaintiff in this action - only addressing the persistent and pervasive infringing activity of Gonzales who was either personally responsible, or who willingly allowed of others to infringe plaintiff's rights after hundreds of notices.

## II.   Legal Arguments

### a.  FRCP 54 / LR 54-1

Gonzales seeks costs and fees pursuant to FRCP 54 and LR 54-1. Pursuant to FRCP 54, the motion for cost and fess must "specify the judgment and the statue, rule, or other grounds entitling the movement to the award." FRCP 54(d)(2)(B)(ii). Under FRCP 54(a), a judgment includes any order from which an appeal lies. In the present case there has been a dismissal pursuant to FRCP 41, without costs and without fees, and no appealable order or judgment.

The closest there is to an order or judgment in this action is the order of June 8, 2016 that allowed leave for an amended complaint. An order that dismisses less that all the claims or even one that dismisses all the claims, yet leaves a party with leave to amend is not a final judgment or appealable, and therefore not a triggering order or judgment pursuant to FRCP 54. *National Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432 (9th Cir. 1997).

There is no final judgment or appealable order. A motion under FRCP 54 is not ripe or proper.

### b.  Gonzales is not a prevailing party under 17 U.S.C. § 505.

The only, "statue, rule, or other grounds" citied by Gonzales is 17 U.S.C. § 505, which permits a court to award a "prevailing party" attorney fees. Under the Copyright Act, when a case is dismissed without prejudice, there is no prevailing party under 17 U.S.C. § 505. *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir., 2009), *cert. denied, Loose v. Cadkin*, 130 S. Ct. 1895 (2010)("*Cadkin*").

*Cadkin* is directly on point, highly instructive and controlling in this action. Prior to *Cadkin* the 9th Circuit had held that a defendant in a copyright suit was a prevailing party and was entitled to attorney's fees when the plaintiff voluntarily dismissed the complaint without prejudice after a district court granted defendant's motion for more definite statement. See *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575, 576 (9th Cir.1941) ("*Corcoran*"), expressly overruled by *Cadkin v. Loose*, 569 F.3d at 1145 in light of *Buckannon Board & Care Home, Inc. v. W. Va. Dept. of Health and Human Services*, 532 U.S. 589 (2004).

In *Cadkin* the plaintiffs filed claims for copyright infringement and various other state law claims. The district court dismissed a number of the claims as improper. Plaintiffs then filed a first amended complaint that was again dismissed with leave to amend. A second amended complaint was then filed waiving the copyright claim, and again another motion to dismiss was filed. Plaintiffs then moved to dismiss pursuant to FRCP 41(a). *Cadkin v. Loose*, 569 F.3d at 1146.

*Cadkin* reviewed the holding in *Corcran* and found it in error. With the *Cadkin* defendants' two prior rulings of dismissal in their favor and even a waiver of the copyright claim by the plaintiffs in the second amended complaint, the defendants were not a prevailing party or entitled to fees under 17 U.S.C. § 505 as, "[t]he Cadkins have not been deprived of the ability to seek relief in federal court against the [defendants] under the Copyright Act."

In this case, as in *Cadkin*, Cobbler is still free to seek relief against Gonzales under the Copyright Act, and therefore Gonzales cannot be the prevailing party or entitled to fees under 17 U.S.C. § 505. Gonzales may wish to parse the differences between the indirect and direct infringement claim, but there is no such parsing in the statute and doing so would fail to account for the variances of vicarious and contributory liability which have not been fully adjudicated in this action.

Gonzales' reliance on the older, 6th Circuit decision in *Bridgeport Music v. WB Music Corp.*, 520 F.3d 588 (6th Cir., 2008) is simply inapplicable.   Similarly, while *CRST Van Expedited, Inc. v. EEOC*, 587 U.S. __ (2016), provides a nice quote, that case involved a final adjudication of the Title VII rights between the parties on a "nonmerits reason" and clearly gave rise to an appealable final order.  In this case there has been no adjudication as to Gonzales' liability under 17 U.S.C. § 505.  Of note, *CRST Van Expedited, Inc. v. EEOC*, also expressly relies on *Buckannon,* the cases are not in conflict.

The procedural history of this case fits squarely within *Cadkin,* and as per *Cadkin* there is no prevailing party under 17 U.S.C. § 505.

### c.   Under the copyright act prevailing party fees are not proper in this action.

Even were Gonzales the prevailing party in this action, attorney fees would not be proper. It is not disputed that plaintiffs and defendants should be treated the same under, 17 U.S.C. § 505, but this is far from the adoption of the British Rule of awarding *any* prevailing party attorney fees.  *Fogerty v. Fantasy Inc.*, 510 U.S. 517, 534 (1994).   Often the finding of willful infringement tips the scale in favor of prevailing plaintiffs numerically, but this does not mean there should be a one to one balance.  "[F]ee awards under §505 should encourage the types of lawsuits that promote [the] purposes" of the Copyright Act.  *Kirtsaeng v. John Wiley & Sons, Inc*. 579 U.S. __(June 16, 2016, Slip p. 9).  Contrary to the arguments of Gonzales, plaintiff's success in the vast majority of the cases filed is not a basis for an isolated defendant to obtain fees to balance some perceived scale, but if anything is evidence of the legitimacy of plaintiff's action and application of the Copyright Act to address the rampant piracy of its motion picture.

In the present case Gonzales' IP address was persistently infringing the rights of Cobbler and countless others.  Gonzales knew of this conduct and was repeatedly warned about it yet did

nothing.  But for Cobbler's filing of the present action the infringing activity though Gonzales'

IP address, whether personally the conduct of Gonzales or not, would still be continuing in

complete disregard of the Copyright Act.

### d.  Gonzales is not entitled to additional relief

Without authority, Gonzales also asks the court for a judgment in his favor on plaintiff's

direct infringement claim.  No authority for this is provided as there is none.

> A voluntary dismissal pursuant to Federal Rule of Civil Procedure
> 41(a)(1)(i) grants a plaintiff "`an absolute right to dismiss [ ] without
> prejudice' ... and requires no action on the part of the court." *Duke Energy*,
> 267 F.3d at 1049 (quoting *Pedrina v. Chun*, 987 F.2d 608, 610 (9th
> Cir.1993)) (first alteration in original). The filing "`itself closes the file.
> There is nothing the defendant can do to fan the ashes of that action into
> life and the court has no role to play.'" *Id.* The effect of the filing "`is to
> leave the parties as though no action had been brought.'" *Id.* (quoting
> *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th
> Cir.1999)). "Once the notice of dismissal has been filed, the district court
> loses jurisdiction over the dismissed claims and may not address the
> merits of such claims or issue further orders pertaining to them." *Id.*

*U.S. v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir., 2008)

While Gonzales accuses Cobbler of prolonging this litigation, it is clear Gonzales is the

one trying to "fan the ashes" to find a fire by which he might claim he was burned.  The case is

quite simply over.  Cobbler has substantial evidence of infringing activity tied to Gonzales, but it

is not Gonzales' place to now demand such proof as he already elected to forego an answer or

challenge Cobbler's facts when given the opportunity.  No further relief is warranted or allowed.

### e.  Gonzales' own overaggressive actions should be considered.

Like the unsupported claims of economic exploitation, Gonzales' arguments with respect

to an overaggressive plaintiff are misplaced.  As per the opposition filed, Gonzales refused to

confer on his motion and even declined to confer after an invitation and request to do so.  Ecf.

29, p. 2; Decl. Counsel ¶¶ 6-7.  Gonzales' motion and efforts in this action were with Cobbler's

standing offer to resolve the issue of the infringing activity he facilitated at no cost, fees or any economic demand.  Rather than discuss what additional facts might be necessary or otherwise resolve the issues of dispute, Gonzales jumped to file his motion foreclosing even the required conferral that may have avoided the need for his motion.

The depiction of Cobbler's claims as frivolous or unreasonable is similarly misplaced. Gonzales may object to the indirect infringement claim rejected in this case, but it cannot be said to be frivolous or unreasonable as similar claims have been accepted, including in concurrent litigation in this district. *Dallas Buyers Club v. Huszar*, 3:15-cv-00907, April 29, 2015, (Adopted J. Simon, May 31, 2016.)

In contrast, the relief sought by Gonzales in this action, a judgment in his favor and an award of prevailing party fees, are specifically and clearly foreclosed by bright line law. *U.S. v. Real Property Located at 475 Martin Lane*, 545 F.3d at 1145; *Cadkin v. Loose*, 569 F.3d at 1145.

Neither a defendant nor their counsel should be rewarded by overaggressive behavior and in their forgoing the required duties of the parties to confer on motions in this case or any other. The frivolous claims in this action, if any, are those of Gonzales.

### f.   Plaintiff's Amended Complaint is Irrelevant.

Gonzales' arguments with respect to plaintiff's Amended Complaint are irrelevant. Plaintiff was free to dismiss this action before or after the filing of the Amended Complaint or even after possibly filing a Second Amended Complaint. *Ref. Cadkin*.  That Gonzales asked for the filed dismissal, and then received what he wanted is not a basis for him to now complain.

### g.   Gonzales' costs are not recoverable.

Gonzales seeks costs for parking and a transcript that has not been used or relied upon. As argued above, Gonzales is not a prevailing party under FRCP 54(d)(1).  Further parking is not a taxable cost under 28 U.S.C. § 1920.  With respect to the claim of costs of the relevant

transcript, there has been no showing that such was necessary or used in any way, nor was there even any opportunity for such to be used as there were no proceedings subsequent to the transcript where it might have been used.  Thus the transcript could not have been "necessarily obtained for use in the case."

As Gonzales was not the prevailing party and as no proper costs are sought, no costs should be awarded.

### III.    Conclusion

As reviewed above, and as clearly established by *Cadkin v. Loose*, 569 F.3d 1142, Cobbler is free to re-file its claim against Gonzales under the Copyright Act, and therefore Gonzales cannot be a prevailing party or awarded costs or fees under 17 U.S.C. § 505 or any other rule.

There is no basis in fact or law for Gonzales' motion for costs and fees and it must be denied.


DATED: August 3, 2016.


Respectfully submitted,

CROWELL LAW

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
drew@crowell-law.com
503-581-1240
Of attorneys for the plaintiff