Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email: drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COBBLER NEVADA, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **DOE-24.21.136.125,** <br><br> Defendant. | Case No.: 3:15-cv-00866-SB <br><br> **DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR COSTS AND ATTORNEY FEES; EXHIBITS 1 and 2.** |

Under penalty of perjury I, Carl D. Crowell, hereby state as follows:

1.  I am an attorney admitted to practice in Oregon and plaintiff's counsel in this matter.

2.  All matters in this declaration are submitted through personal knowledge and belief.

3.  Attached as Exhibit 1 are annotated excerpts of the deposition of Mr. Gonzales of October 20, 2015.

4.  Attached as Exhibit 2 is an email sent to Mr. Gonzales letting him know plaintiff would, "…waive claims for damages on your agreement that you will not allow this to continue. To that end, I submit the attached Complaint and Stipulated Consent Judgment that fully resolves this matter without any assessment of costs, fees or damages."

5. The same offer of Exhibit 2 was also extended to Mr. Gonzales' through counsel on December 21, 2015.

6. Mr. Gonzales' Rule 12(b)(6) motion was filed without a proper conferral. On December 21 and 22, 2015 there were phone messages and then a few brief emails between counsels with the final email being:

> On 12/22/15, 11:13 AM, "David Madden" <dhm@mersenne.com> wrote:
>
>> *On 12/22/15 10:32 AM, Carl D Crowell wrote:*
>>
>>> *Do you believe in this case there are necessary facts that could be alleged that would satisfy your concern?*
>>
>> I'm not aware of any, but I haven't had the benefit of two rounds of early discovery to try to find out. At this stage, I'm only saying that Cobbler hasn't even alleged facts sufficient to survive 12(b)(6).
>>
>>> *And if so, what would they be?*
>>
>> Perhaps something akin to the facts in Fonovisa, Napster or Grokster? I mean, I don't think any such facts exist here, but it's not hard to find examples of facts that _are_ sufficient to make out a contributory infringement case.

7. Despite invitations to discuss, there was no actual telephone conferral prior to the filing of the motion.

8. Investigation in this matter yielded over 400 DMCA notices dispatched to the IP address of Mr. Gonzales, (IPA: 24,21,136,125), 382 titles in BitTorrent traffic associated with Mr. Gonzales' IPA and the confirmed distributions of the motion pictures Zero Theorem (2013), The Cobbler (2014) and The Asylum (2015).

///

///

9.  In his deposition Mr. Gonzales produced 68 DMCA Notices of infringing activity he confirmed he had received dating back to 2013, each one notifying Gonzales that his internet service was being used for the unauthorized distribution of copyrighted content.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED August 3, 2016.

                                                Respectfully submitted,

                                                CROWELL LAW

                                                /s/ Carl D. Crowell
                                                Carl D. Crowell, OSB No. 982049
                                                Email: carl@crowell-law.com
                                                Tel:  503-581-1240