David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503)679-1671
ecf@mersenne.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **COBBLER NEVADA, LLC**, *Plaintiff* | Civil Action No.: ………. 3:15-cv-00866-SB |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AWARD OF COSTS AND ATTORNEY FEES TO PREVAILING PARTY** |
| **Thomas GONZALES**, *Defendant* | |

## DEFENDANT'S REPLY

Plaintiff's procedural flailing continues to generate unusual questions of law that simply do not arise in ordinary, good-faith litigation, where a plaintiff has a grievance and merely seeks an opportunity to present its evidence to a finder of fact and obtain a judgment on the merits.  This time, the question is whether a defendant who has obtained an order dismissing a claim against him with prejudice, has "prevailed" in any way, or whether the plaintiff's subsequent "voluntary" dismissal of other claims

somehow vacates the court's previous order and causes it to become a legal nullity.

The obvious logical answer to the latter question is "no:" if a plaintiff could do this, then every plaintiff who suffers a dismissal with prejudice before an answer is filed could submit such a voluntary dismissal and re-file its action, exactly in its original, deficient form, and experience no ill consequences. Perhaps it would be a foolish waste of time and money for a legitimate litigant, but for a party whose counsel represents (inconsistently) that "this case is not about whether or not there was infringing activity" (Plaintiff's Response in Opposition to Fees, doc. #48, p. 3) and "money has never been a goal of plaintiff in this action", *id.* at 4, this outcome would allow it to pick its opponent's pocket of costs and legal fees *at least twice*. (Presumably, the "two dismissal rule," Fed. R. Civ. P. 41(a)(2), would prevent subsequent larcenies.)

In addition, Plaintiff's "cut and run" tactic (if successful) would give it an unassailable veto over the Court before which it chose to appear, and whose assistance it solicited and received. Plaintiff would no doubt be delighted to obtain control of another portion of its litigation business – it could bring even more of the process "in house" and operate with even less scrutiny – but it would be a remarkable and unprecedented abdication of power for the Court to go along.

**DEFENDANT IS THE PREVAILING PARTY**

Plaintiff's opposition to Defendant's fee petition centers around the incorrect premise that Defendant failed to rebuff plaintiff's challenge, "irrespective of the precise reason for the court's decision." *CRST Van Expedited, Inc. v. EEOC*, 587 U.S. ___ (2016). COBBLER NEVADA, LLC claims that it "is still free to seek relief against Gonzales under the Copyright Act," (doc. #48 at 5) and relies on *Cadkin v. Loose*, 569 F.3d 1142 (9th

Cir., 2009) for the proposition that this purported freedom prevents Defendant from obtaining prevailing-party fees.

Plaintiff's reliance is misplaced. In *Cadkin*, the plaintiffs' first complaint (containing copyright claims) was dismissed with leave to amend, then their second complaint (also containing copyright claims) was dismissed with leave to amend, then they filed and subsequently voluntarily dismissed a third complaint containing no copyright claims while yet another motion to dismiss was pending. Unlike Defendant GONZALES, the defendants in *Cadkin* never obtained a ruling on the merits of any of the copyright claims against them.

*Cadkin* would control ***if*** Plaintiff had dismissed its case voluntarily *while Defendant's 12(b)(6) motion was pending – i.e.*, at some time before the Court's order of 8 June 2016 (doc. #39). It did not do so, choosing instead to force Defendant to pay for his counsel to fight – and then fight again – the question whether an Internet subscriber, without more, can be liable for indirect copyright infringement. Plaintiff's tardiness and the entry of the order in Defendant's favor moves the present question into a different realm, that of collateral estoppel (*a.k.a.* issue preclusion).

**Collateral Estoppel Bars Plaintiff from Re-Litigating Its Indirect-Infringement Claim Against Defendant**

> Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met:
> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;
> (2) the first proceeding ended with a final judgment on the merits; and
> (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.
>
> *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006), quoting *Kourtis v. Cameron,* 419 F.3d 989, 994 (9th Cir.2005).

At first blush, the "final judgment on the merits" prong would seem to doom Defendant's position, but:

> [t]o be "final" for collateral estoppels purposes, a decision need not possess "finality" in the sense of 28 U.S.C. § 1291. A "final judgment" for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be "sufficiently firm" to be accorded conclusive effect.

*Luben Industries, Inc. v. U.S.*, 707 F.2d 1037 (9th Cir., 1983)

This principle was employed in *Alzheimer's Inst. of Am. v. Eli Lilly & Co.,* 128 F.Supp. 3d 1249, 1254 (N.D. Cal. 2015), to permit defendant Eli Lilly to rely on an holding against plaintiff Alzheimer's Institute in a patent infringement suit against a different defendant, which decided that the Institute's failed action there was "exceptional" within the meaning of 35 U.S.C. § 285, thus entitling the other defendant to attorney's fees. In that case, *Alzheimer's Inst. of Am. v. Avid Radiopharmaceuticals*, 940 F.Supp.2d 740, the judge had found:

> [o]n both factual and legal grounds, this action was objectively unreasonable. The deception, the planning, the execution of the scheme and the motivation of AIA [and others] … were hardly common or ordinary. Indeed, their conduct was rare and beyond common decency. They were motivated by ego and greed. Bringing this action was nothing more than a perpetuation of the conspiracy.… Such conduct should not be rewarded and without consequences.

(as related in *Alzheimer's v. Eli Lilly*, 128 F.Supp. 3d 1249, 1254)

Eli Lilly was awarded its attorney fees based in part on Alzheimer Institute's failure to defeat the "exceptional case" holding in *Alzheimer's v. Avid*, despite its full and fair opportunity to litigate the matter there.

The present situation is far more compelling: Defendant seeks to use an order in *his own favor*, issued by *the same court* before which Plaintiff had a *full and fair*

*opportunity to litigate its position*, to support his claim for fees for prevailing in the very same litigation[1].  There is perfect identity of parties, and the issue that is precluded is identical to the one Defendant advocated for successfully.

Plaintiff's assertion that it could proceed against Defendant in a new copyright-infringement action is simply wrong.  It ***cannot*** charge him again with contributory infringement.  And as to direct infringement, even if COBBLER concocted new allegations against GONZALES that it failed to present when the Court invited it to do so, the Court is aware of the significant Rule 11 problems COBBLER's counsel would face in rekindling that claim.

Defendant is unquestionably the prevailing party on the indirect claim, and that status supports the present request for fees and costs.

## Awarding Attorney Fees to GONZALES is Fair and Appropriate

Amid its lengthy rehash of grievances against GONZALES and his counsel (which, it should be recalled, have already been dismissed as inadequate to state a claim), Plaintiff seems to suggest that awarding fees and costs to Defendant would somehow be unfair or unreasonable.  For example, Plaintiff points out that Defendant could have gotten off cheap, merely by executing a Stipulated Consent Judgment.  This offer was made to Mr. Gonzales while he was still unrepresented, and it is not surprising that Plaintiff neglects to include the SCJ referred to in the email attached as Exhibit 2 to its Opposition.  However, the same document was presented to undersigned counsel in Plaintiff's email of 21 December 2015; both the email and the proposed SCJ are attached as Exhibits to this Reply.  Note that Plaintiff's supposed "reasonable" settlement requires Mr. Gonzales

---

[1] Of course, prevailing-party fees in copyright cases are not subject to the Patent Act's more stringent "exceptional case" standard.

to admit liability for a federal crime he did not commit:

> 3. Thomas Gonzales, formerly identified as DOE-24.21.136.125, is the proper named defendant in this case liable under plaintiff's claims.
>
> […]
>
> 6. Thomas Gonzales has fully reviewed the Complaint and the allegations of the Complaint and specifically admit plaintiff's investigations identifying the IP address used by the defendant, were accurate, in particular in accurately identifying the 67.189.7.71 IP address as the IP address used by defendant to download and distribute plaintiff's motion picture identified with the Complaint.

*Exhibit 2*

The Court may be aware that Plaintiff (and other clients of Plaintiff's counsel) have obtained similar stipulated consent judgments against others threatened in virtually identical lawsuits. But it is not unreasonable for a wrongly-accused party to refuse such an overreaching agreement; in fact, this appears to be exactly what the U.S. Supreme Court had in mind when it stated:

> When a litigant – whether plaintiff or defendant – is clearly correct, the likelihood that he will recover fees from the opposing (*i.e.* unreasonable) party gives him an incentive to litigate the case all the way to the end. […] The copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment)[.]

*Kirtsaeng v. Wiley,* 579 U.S. ___ at p. 7 (2016)

Defendant was prepared to litigate this matter all the way to the end, and has only been deprived of the opportunity to prevail on all counts by Plaintiff's inability to state a valid direct-infringement cause of action against him.

**CONCLUSION**

Defendant GONZALES was carelessly and wrongly accused by Plaintiff, despite its representation that it intended to "ensure that [its] investigations are complete and proper […] before a defendant is named." Plaintiff's Motion for Leave to Issue FRCP 45 Subpoena, doc. #8. Gonzales successfully defended himself and obtained a clear ruling on a theretofore murky question: whether someone who pays for an Internet connection, but does not actively encourage or materially contribute to any infringing activity, can be liable for contributory copyright infringement. He is a vulnerable individual who spent much and risked more to stand up to a bully, and he obtained a legal ruling in his favor clarifying copyright law for the benefit of all Oregon residents. He should not be forced to bear both the economic and non-economic costs of doing so, when there is explicit statutory support and endorsement from the Supreme Court for shifting those costs to the party responsible for them.

17 August 2016

Date

David H. Madden, SBN OR080396
Attorney for Defendant Thomas GONZALES
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon 97223
dhm@mersenne.com
(503)679-1671

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the document entitled:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR AWARD OF COSTS AND ATTORNEY'S FEES TO PREVAILING PARTY**

was served upon the parties listed below on the date indicated,

- ☐ by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made:

    - ☐ by delivery of a true copy of the document to the party to be served;

    - ☐ by delivering a true copy of the document to the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served;

    - ☐ by leaving a true copy of the document during working hours at an office maintained by the party to be served for the conduct of business, with the person who is apparently in charge;

    - ☐ by mailing a true copy of the document to the party by first class mail and by any of the following: certified, registered, or express mail with return receipt requested;

- ☐ by delivering a copy of the document to the individual personally;

- ☐ by leaving a copy of the document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

- ☐ by delivering a copy of the document to an agent authorized by appointment or by law to receive service of process;

- ☒ by electronic filing notification (PACER); *or*

- ☐ other:  courtesy copy by electronic mail to  crowell@crowell-law.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiff COBBLER NEVADA LLC

   17 August 2016
      Date           David H. Madden