**Subject:**   FW: Case 3:15-cv-00866-ST Cobbler Nevada, LLC v. Gonzales
**From:**   Carl D Crowell <carl@crowell-law.com>
**Date:**   12/21/15, 3:11 PM
**Attachments:** Cob_15-00866_24_FAC.pdf (114 KB), Cob_15-00866_Consent Jgmt.pdf (70.0 KB)
**CC:**   <drew@crowell-law.com>
**To:**   David Madden <dhm@mersenne.com>

David,

We have a prior offer to your client on this matter agreeing to waive all costs, fees and damages with the agreement to comply with the attached consent judgment.  See attached and below.  However, if you would like to have the issue of sufficiency of the pleadings considered by the court, we can proceed as I think a ruling on point would be useful in future cases.   The current offer to waive costs, fees and damages would be withdrawn with any motions practice.

As to the requirement for financial benefit, this is not required for contributory infringement.  The below 9th Circuit model jury instruction for your consideration.

Again, I am fine with this being briefed and ruled on.  With 400+ notices to your client we have no problem proceeding with this matter.

-carl d. crowell

### 17.21 DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT

A defendant may be liable for copyright infringement engaged in by another if [he] [she] [it ] knew or had reason to know of the infringing activity and intentionally [induces] [materially contributes to] that infringing activity.

If you find that [*name of direct infringer*] infringed the plaintiff's copyright in [*allegedly infringed work*], you may proceed to consider the plaintiff's claim that the defendant contributorily infringed that copyright. To prove copyright infringement, the plaintiff must prove both of the following elements by a preponderance of the evidence:

1. the defendant knew or had reason to known of the infringing activity of [*name of direct infringer*]; and

2. the defendant intentionally [induced] [materially contributed to] [*name of direct infringer's*] infringing activity.

If you find that [*name of direct infringer*] infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant.

### Comment

FW: Case 3:15-cv-00866-ST Cobbler Nevada, LLC v. Gonzales

Theabove instruction is based on *Fonovisa, Inc. v. Cherry Auction, Inc*. 76 F.3d 259, 261-63 (9th Cir.1996), and *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004). In *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764 (2005), the Supreme Court held that one who distributes a device with the object of promoting its use to infringe a copyright may be liable for the resulting acts of infringement by third parties, even if the device is capable of substantial non-infringing use. *Id.* at 2780. The Court characterized this as the inducement rule. *Id.*

- -
Carl D. Crowell
Attorney at Law
P.O. Box 923
Salem, OR 97308-0923
USA
Tel: 503.581.1240
www.crowell-law.com

Note: If you have received this communication in error, please notify me immediately.

---

**From:** Carl D Crowell <carl@crowell-law.com>
**Date:** Monday, November 16, 2015 at 5:48 PM
**To:** tom gonzales <gonzaleskey@yahoo.com>
**Cc:** Drew Taylor <drew@crowell-law.com>
**Subject:** Case 3:15-cv-00866-ST Cobbler Nevada, LLC v. Gonzales

Mr. Gonzales,

Based on the record of this case and the disregard of hundreds of notices of BitTorrent activity over the last few years, we believe that you are properly liable for the infringing activity observed.   While it may be that another is also liable, the fact that this activity continued for so long after your received so many notices (400+) places you in a position of willful disregard.

However, I have conferred with my client and they are willing to waive claims for damages on your agreement that you will not allow this to continue.   To that end, I submit the attached Complaint and Stipulated Consent Judgment that fully resolves this matter without any assessment of costs, fees or damages.

If this is acceptable you may sign and return the attached proposed Stipulated Consent Judgment and we will consider this matter resolved.

I advise that you meet with counsel and have this reviewed by your own attorney.  If you do not have an attorney you may obtain a referral through the Oregon State Bar at:  https://www.osbar.org/public/ris/

Sincerely,

FW: Case 3:15-cv-00866-ST Cobbler Nevada, LLC v. Gonzales

Carl D. Crowell


- -

Carl D. Crowell
Attorney at Law
P.O. Box 923
Salem, OR 97308-0923
USA
Tel: 503.581.1240
www.crowell-law.com


Note: If you have received this communication in error, please notify me immediately.