IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COBBLER NEVADA, LLC,

Plaintiff,

v.

THOMAS GONZALES,

Defendant.

Case No. 3:15-cv-00866-SB

**FINDINGS AND RECOMMENDATION**

**BECKERMAN, Magistrate Judge.**

This is an action alleging violations of the Copyright Act, 17 U.S.C. §§ 101 et seq., based on the alleged unlawful downloading and distribution of Plaintiff's copyrighted motion picture, *The Cobbler*, using BitTorrent peer-to-peer file sharing software. Plaintiff initially asserted two claims against Thomas Gonzales ("Gonzales"), direct copyright infringement and contributory copyright infringement.[1]

The Court granted Gonzales' motion to dismiss Plaintiff's contributory infringement claim, with prejudice. (ECF No. 39.) The Court also dismissed Plaintiff's direct infringement

[1] Plaintiff clarified that the claim entitled "indirect infringement" was based on a theory of contributory infringement. (Pl.'s Resp. 1.)

claim *sua sponte*, with leave to amend, because Plaintiff failed to allege sufficient facts to state a claim against Gonzales. (*Id.*) Thereafter, Plaintiff filed a notice of voluntary dismissal.

Gonzales has filed a motion for an award of costs and attorney's fees. (Def.'s Mot. Att'y Fees, ECF No. 47.) Specifically, Gonzales seeks $264.60 in costs and $17,222.40 in attorney's fees, for successfully defending Plaintiff's contributory infringement claim. Gonzales also asks the Court to enter judgment, dismissing Plaintiff's claims with prejudice. (*Id.*) Plaintiff opposes Gonzales' motion, primarily on the ground that Gonzales is not a prevailing party under the Copyright Act. (Pl.'s Resp. 9.)

For the reasons set forth below, the district judge should GRANT Gonzales' request for fees, GRANT in part and DENY in part Gonzales' cost bill, and enter final judgment.

## BACKGROUND

On May 20, 2015, Plaintiff filed a Complaint against a Doe defendant identified only by an Internet Protocol ("IP") address. Plaintiff's investigators observed the IP address distributing Plaintiff's motion picture over the publicly-available BitTorrent network. On the same day, Plaintiff filed a motion seeking leave to expedite discovery and to issue a subpoena to Internet Service Provider ("ISP") Comcast, for information identifying the IP address subscriber. The Court granted Plaintiff's motion, and Plaintiff served a subpoena on Comcast.

Comcast returned a subpoena response identifying Thomas Gonzales as the IP address subscriber. Plaintiff deposed Gonzales, and concluded, "it does not appear that he is a regular occupant of the residence or the likely infringer." (Carl Crowell Decl. ¶ 11, July 22, 2015, ECF No. 13.) The infringement allegedly took place at an adult group care home, and Gonzales would not provide Plaintiff with details about the identity of the residents of the home, citing confidentiality. (*Id.* ¶ 13.)

Despite having acknowledged that Gonzales is not the likely infringer, Plaintiff filed a First Amended Complaint on November 4, 2015, naming Gonzales as the defendant. Plaintiff alleged that Gonzales was the subscriber originally identified as the Doe IP address, and that Gonzales copied and distributed *The Cobbler* through the BitTorrent network, in violation of Plaintiff's exclusive rights under the Copyright Act. (First Am. Comp. ¶ 26.) Plaintiff alternatively alleged that Gonzales facilitated and permitted the use of the Internet for the infringing of Plaintiff's exclusive rights under the Copyright Act, by failing to secure, police, and protect the use of his Internet service. (First Am. Compl. ¶¶ 34-35.)

Gonzales filed a motion to dismiss the contributory infringement claim, and the Court granted the motion to dismiss with prejudice. (Order, ECF No. 39.) The Court also dismissed Plaintiff's direct infringement claim, with leave to amend, and ordered that Plaintiff amend its complaint by July 18, 2016. (Orders, ECF Nos. 39 and 40.) Plaintiff filed a Second Amended Complaint, again naming the Doe IP address as the defendant, not Gonzales. (ECF No. 41.) The Court ordered Plaintiff to show cause why its Second Amended Complaint should not be dismissed for failure to cure the deficiencies identified by the Court, or for failure to identify the Doe defendant in a timely manner. (ECF 44.) In response, Plaintiff filed a notice of voluntary dismissal. (ECF No. 45.) Gonzales' fee motion followed. (ECF. 47.)

## DISCUSSION

### I. Entry of Judgment

Gonzales asks the Court to enter judgment dismissing this case with prejudice. (Def.'s Mot. Att'y Fees 14.) Plaintiff opposes the request, on the ground that Plaintiff was authorized to dismiss its direct infringement claim voluntarily and without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41. *See Am. Soccer Co., Inc. v. Score First Enter., a Div. of Kevlar*

*Indus.*, 187 F.3d 1108, 1110 (9th Cir. 1999) (noting that Rule 41(a)(1) grants the plaintiff an "absolute right to voluntarily dismiss an action" without prejudice at any point before the defendant files an answer or a motion for summary judgment); Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order").

The Court dismissed Plaintiff's First Amended Complaint, naming Gonzales as the defendant, for failure to state a claim. Plaintiff did not name Gonzales as a defendant in its Second Amended Complaint, and voluntarily dismissed its Second Amended Complaint against the Doe IP address. Although Plaintiff seeks protection from its Rule 41 voluntary dismissal of the Doe defendant, the record is clear that the Court involuntarily dismissed all of Plaintiff's claims against *Gonzales*, for pleading deficiencies Plaintiff has not cured. For these reasons, the Court recommends that the district judge enter judgment dismissing Plaintiff's claims against Gonzales with prejudice.

## II.    Prevailing Party

The Copyright Act provides that attorney fee awards in copyright cases are discretionary:

> In any civil action under this title, a court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Supreme Court has held that the district court may exercise its discretion to grant or deny attorney's fees to a prevailing party in a copyright case. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). The parties dispute whether Gonzales is the prevailing party in this litigation.

A "prevailing party" is the beneficiary of a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &*

*Human Res.*, 532 U.S. 598, 605 (2001). "The key inquiry is whether some court action has created a 'material alteration of the legal relationship of the parties.'" *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Buckhannon*, 532 U.S. at 604); *see also id.* at 1149 ("[W]e hold the material alteration test the Supreme Court articulated in *Buckhannon* governs the prevailing party inquiry under § 505 of the Copyright Act[.]"). A litigant must "receive at least some relief on the merits of his claim before he can be said to prevail." *Buckhannon*, 532 U.S. at 603 (internal citation omitted). A plaintiff's dismissal of a claim does not automatically "confer prevailing party status upon the defendant," if the defendant remains at risk of plaintiff re-filing the claim. *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008). However, if a plaintiff is unable to re-file the dismissed claim in federal court, the defendant is the "prevailing party" on that claim. *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003).

The Court finds that Gonzales is clearly the prevailing party on the contributory infringement claim, as this Court dismissed the claim with prejudice, on Gonzales' motion. *See* Fed. R. Civ. P. 41(b) ("Involuntary [d]ismissal . . . operates as an adjudication on the merits[.]"); *see also Buckhannon*, 532 U.S. at 604 ("[J]udgments on the merits . . . create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees") (citation omitted).

Plaintiff argues that Gonzales is not the prevailing party, in light of the fact that Plaintiff could refile its contributory infringement claim, because "variances of vicarious and contributory liability [] have not been fully adjudicated in this action." (Pl's Resp. 5.) Plaintiff is wrong. In light of the Court's dismissal of the contributory infringement claim on its merits and with prejudice, Plaintiff is precluded from filing another indirect infringement claim against Gonzales based on the same conduct. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[O]nce a court has

decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case").[2] Thus, Plaintiff's reliance on *Cadkin* is misplaced. *See Cadkin,* 569 F.3d at 1150 (holding that voluntary dismissal without prejudice is not enough to grant prevailing party status to a defendant, but that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court").

The Court's finding that Gonzales prevailed on the contributory infringement claim should end the analysis, as Gonzales is seeking attorney's fees only in connection with his defense of that claim. However, even if the Court must adjudge the prevailing party based on the relative success of both the direct and contributory infringement claims, the Court finds that Gonzales is the prevailing party under any analysis.

Plaintiff argues that Gonzales did not prevail in this case, because Plaintiff voluntarily dismissed the direct infringement claim without prejudice and could refile it at any time. (Pl.'s Resp. 4-6.) As an initial matter, Plaintiff did not voluntarily dismiss its direct infringement claim against Gonzales. The Court dismissed the claim, Plaintiff refiled the claim against a Doe defendant, and then voluntarily dismissed the claim against the Doe defendant. In any event, it is clear that Plaintiff does not intend to continue pursuing a direct infringement claim against Gonzales. (*See* Pl.'s Resp. 7 ("The case is quite simply over.").) Nor could it. It was clear from the record in this case that Plaintiff did not have a good faith basis to accuse Gonzales of direct infringement in the first place, as he did not reside in the group home at which the infringement

---

[2] Furthermore, Plaintiff did not allege, nor do its allegations support, a claim of vicarious infringement. *See Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 261 (9th Cir. 1996) (defining vicarious infringement as (1) control over the direct infringer, and (2) "direct financial benefit" from the infringement).

allegedly occurred. Indeed, in response to the Court's Order to Show Cause, Plaintiff elected to dismiss its case. That is the relief Gonzales sought–dismissal of the case in its entirety–which weighs in favor of granting Gonzales prevailing party status. *See CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016) ("A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration in the legal relationship between the parties. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."); *Elf-man, LLC v. Lamberson*, No. 13-CV-0395-TOR, 2014 WL 11513119, at *3 (E.D. Wash. Oct. 31, 2014) ("Plaintiff elected to cease its action short of proving its entitlement to relief, this factor weighs heavily in favor of awarding Defendant fees as the prevailing party."); *see also Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) ("[U]nder a pragmatic approach, we consider events subsequent to non-final orders to determine whether they create sufficient finality.") (internal citation omitted).

      Plaintiff obtained no relief in this action, and Gonzales achieved dismissal of the case against him in its entirety, including dismissal of the contributory infringement claim with prejudice. The Court finds that Gonzales is the prevailing party. *Cf. Milton H. Greene Archives, Inc. v. Julien's Auction House,* LLC, No. CF 05-7686 AHM (FMOx), 2007 WL 4898365, at *3 (E.D. Cal. Dec. 20, 2007) (holding that defendant was entitled to attorney's fees in copyright action, where defendant prevailed on secondary copyright claims and plaintiffs prevailed on direct copyright claims but were awarded no damages); *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 542 (C.D. Cal. Jan. 4, 1995) (holding that defendant was entitled to

attorney's fees in copyright action, where defendant prevailed on seven of nine infringement counts despite being found to have infringed the remaining two copyrights).

## II. Fee Shifting in Mass Copyright Litigation

The Supreme Court recently reiterated, in a unanimous decision, that "§ 505 grants courts wide latitude to award attorney's fees based on a totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). The Supreme Court emphasized that "§ 505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations beyond the reasonableness of litigating positions[.]" *Kirtsaeng*, 136 S. Ct. at 1988.

The Supreme Court has identified "several nonexclusive factors to guide courts' discretion," including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (citation and quotation marks omitted). In *Kirtsaeng*, the Supreme Court noted that a court may also consider the need to "deter . . . overaggressive assertions of copyright claims[.]" 136 S. Ct. at 1989.

"Prevailing plaintiffs and prevailing defendants are to be treated alike" with no presumption of entitlement to fees in favor of either.[3] *Fogerty*, 510 U.S. at 534 (holding that "the Court of Appeals erroneously held petitioner, the prevailing defendant, to a more stringent standard than that applicable to a prevailing plaintiff"). Courts routinely award prevailing

[3] With the exception of the undersigned, this district has routinely awarded Plaintiff's counsel his attorney's fees in BitTorrent cases, when the cases resolve with a consent or default judgment. *See, e.g.*, *Survivor Prod., Inc., v. Conger*, No. 6:15-CV-01303-AA, 2016 WL 5842947, at *3 (D. Or. Oct. 3, 2016) (awarding $5,592.09); *Dallas Buyers Club, Inc., LLC, v. Sager*, No. 3:15-CV-00731-AC, 2016 WL 5661940, at *4 (D. Or. Sept. 7, 2016), *report and recommendation adopted*, No. 3:15-CV-0731-AC, 2016 WL 5662020 (D. Or. Sept. 29, 2016) (awarding $3,463.25); *Voltage Pictures, LLC v. Pecsok*, No. 6:14-CV-01407-AC, 2015 WL 3892394, at *5 (D. Or. June 24, 2015) (awarding $3,276.00).

defendants costs and fees under the Copyright Act. *See generally Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 696 (9th Cir.), *cert. dismissed*, 136 S. Ct. 445 (2015) (affirming district court's award of $396,844.17 to defendant in a first sale copyright dispute); *Johnson v. Storix, Inc.*, No. 3:14-CV-1873-H-BLM, 2016 WL 4399317, at *7 (S.D. Cal. Aug. 17, 2016) (awarding defendant fees even when plaintiff's copyright case was non-frivolous); *City of Inglewood v. Teixeira*, No. CV1501815MWFMRWX, 2015 WL 6146269, at *1 (C.D. Cal. Oct. 8, 2015) (awarding prevailing defendant's pro bono counsel $117,741 for defending an objectively unreasonable claim); *Lewis v. Activision Blizzard, Inc.*, No. C 12-1096 CW, 2014 WL 4953770, at *4 (N.D. Cal. Sept. 25, 2014) (finding $152,104.50 reasonably expended by defendant on an objectively unreasonable copyright claim, but reducing the award in view of plaintiff's relative poverty); *Atl. Recording Corp. v. Andersen*, No. CV 05-933 AC, 2008 WL 2536834, at *3 (D. Or. June 24, 2008) (awarding $103,175 to a prevailing defendant in an Internet file sharing copyright case).

**A. The Reasonableness of Plaintiff's Claims**

When it initially filed this case, Plaintiff had a reasonable basis to allege that an unknown person had illegally downloaded Plaintiff's movie. Thus, the claims were not frivolous, when filed. However, Plaintiff learned soon after filing the case that Gonzales, the IP address subscriber, did not reside at the group care home at which the alleged infringement was taking place, but instead merely paid for the Internet service. After deposing Gonzales, Plaintiff acknowledged that Gonzales was not the likely infringer. (*See* Carl Crowell Decl. ¶ 11, July 22, 2015 ("Based on my conversation with Mr. Gonzales, it does not appear that he is a regular occupant of the residence or the likely infringer.").) Plaintiff also learned that many individuals had access to the Internet connection at the group home, and that Gonzales was not responsible

for managing the Internet connection at the home. (*See* Thomas Gonzales Dep. 16:19-21, 17:11-19, Oct. 20, 2015.) Nevertheless, Plaintiff did not dismiss its case, but instead decided to double down and name Gonzales as the defendant. (First Am. Compl., ECF No. 24.) When Gonzales filed a motion to dismiss the contributory infringement claim, Plaintiff did not dismiss the claim, but instead forced Gonzales to litigate the motion.

The Court finds that once Plaintiff learned that the alleged infringement was taking place at an adult group care home at which Gonzales did not reside, Plaintiff's continued pursuit of Gonzales for copyright infringement was objectively unreasonable. Plaintiff's discovery that Gonzales was not the infringer came before Gonzales accrued the fees submitted for approval, and therefore the requested fees relate to a time period during which Plaintiff's continued pursuit of Gonzales was objectively unreasonable.

**B. Motivation**

Gonzales alleges that Plaintiff has "filed hundreds of cases against thousands of Does across the United States" to extract "overreaching settlements." (Def.'s Mot. Att'y Fees 10.) Gonzales accuses Plaintiff's counsel of using legal process as a "lever" to force defendants into settlement. (Def's Mot. Att'y Fees 5.) Gonzales claims that the Copyright Act permits Plaintiff to pursue cases "with absolutely no requirement to prove damages" and "an unwilling 'client' [i.e., the defendant] on the hook for all of its attorney's fees." (*Id.*)

Plaintiff responds that "money has never been a goal of plaintiff in this action—only addressing the persistent and pervasive infringing activity of Gonzales who was either personally responsible, or who willingly allowed . . . others to infringe plaintiff's rights after hundreds of notices." (Pl's Resp. 4.) Plaintiff's response is contradicted by its knowledge early in the litigation that Gonzales was not personally responsible for the alleged infringement, and later in

the case that he is not legally responsible for the alleged infringement of others. Despite that knowledge, Plaintiff continues to attack Gonzales in its response to Gonzales' fee motion, faulting Gonzales for many things, including his refusal to accept Plaintiff's offer to settle the case, even though that offer required an admission of liability for infringement for which Plaintiff knew Gonzales was not responsible.

This Court has already highlighted its concerns with the litigation strategy pursued by Plaintiff and other plaintiff LLCs in the hundreds of BitTorrent cases filed in this district. *See, e.g.*, *Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time*, No. 3:15-cv-01550-SB, 2016 WL 4238639, at *4 (D. Or. Aug. 10, 2016) (denying plaintiff's fee motion, and noting that "the threat of fee-shifting has emboldened Plaintiff's counsel to demand thousands of dollars to settle a claim, even where the infringing defendant admits early in the case that they illegally downloaded the movie"); *Glacier Films, Inc. v. Turchin*, No. 3:15-cv-01817-SB, 2016 WL 4251581 (D. Or. Aug. 10, 2016) (same).[4] At least one other judge in this district has also expressed concerns about the motivation driving some of these cases. *See Countryman Nevada, LLC v. DOE-73.164.181.226*, ---F. Supp. 3d---, 2016 WL 3437598, at *7 (D. Or. 2016) (finding that Plaintiff's counsel had "conducted [] litigation in a manner calculated to increase the opposing party's costs—and, at the same time, to increase the bases for [his] own fee petition").

[4] *See also Malibu Media, LLC v. Doe IP Address 66.108.67.10*, No. 15 Civ. 4369 (AKH), 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015) ("Recent empirical studies show that the field of copyright litigation is increasingly being overtaken by 'copyright trolls,' roughly defined as plaintiffs who are 'more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service. The paradigmatic troll plays a numbers game in which it targets hundreds or thousands of defendants, seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.'") (citation omitted).

Although Plaintiff urges the Court to believe that "money has never been the goal" of this action, this Plaintiff and similarly-situated plaintiffs continue to demand large sums of money from individuals to settle these BitTorrent copyright claims. Many individuals agree to pay these large sums without the benefit of legal counsel. *See Anonymous Users of Popcorn Time*, 2016 WL 4238639, at *4. The Court shares Gonzales' concern that Plaintiff is motivated, at least in large part, by extracting large settlements from individual consumers prior to any meaningful litigation. On balance, the Court has concerns about the motivation behind Plaintiff's overaggressive litigation of this case and other cases, and that factor weighs in favor of fee shifting.

**C. Compensation and Deterrence**

"When a litigant—whether plaintiff or defendant—is clearly correct, the likelihood that he will recover fees from the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to the end." *Kirtsaeng*, 136 S. Ct. at 1986. If fees are shifted, "a person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that attorney's fees in a protected suit might be as or more costly than a settlement." *Id.* "Conversely, when a person . . . has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action." *Id.* at 1987. "The copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment)[.]" *Id.* These results "promote the Copyright Act's purposes, by enhancing the probability that both creators and users (i.e., potential plaintiffs and defendants) will enjoy the substantive rights the statute provides." *Id.*

Awarding Gonzales compensation for defending against Plaintiff's contributory infringement claim provides similarly-situated litigants an incentive to defend their rights under the Copyright Act. Compensating Gonzales will encourage future defendants with valid defenses to litigate those defenses, even if the litigation is expensive. Conversely, and perhaps more importantly, awarding fees to Gonzales should deter Plaintiff in the future from continuing its overaggressive pursuit of alleged infringers without a reasonable factual basis.

**D. Conclusion**

Plaintiff's claims against Gonzales were objectively unreasonable, and the Court has concerns about Plaintiff's motivation in continuing to pursue those claims when it became clear that Gonzales was not responsible for the alleged infringement. To incent similarly-situated defendants to protect their rights under the Copyright Act, and to deter Plaintiff from overaggressive litigation tactics, the Court concludes that a fee award to Gonzales is appropriate.

**III. Reasonableness of Costs and Fees**

Gonzales has submitted an itemized cost bill, including a court reporting fee of $252.20 and $12.40 in parking expenses. (Def.'s Mot. Att'y Fees 15.) Gonzales also submitted an accounting of attorney's fees in the sum of $17,222.40. (Def.'s Mot. Att'y Fees Ex. B.)

**A. Costs**

Plaintiff objects to the taxation of parking expenses, because parking expenses are outside the scope of 28 U.S.C. § 1920. The Ninth Circuit has held that the definition of costs in copyright actions is not necessarily limited to those enumerated under § 1920. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005); *but see Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 721 (S.D. Tex. 2015) (surveying the approaches of various circuits, and concluding that ordinarily "costs taxable under

§ 505 are limited to those enumerated in § 1920"). There does not appear to be any binding authority requiring taxation of parking fees. Subtracting the parking expense from the cost bill ($12.40), Gonzales is entitled to $252.20 in costs.

**B. Attorney's fees**

Plaintiff does not object to Gonzales' calculation of his attorney's fees, and the Court finds that the requested fee amount is reasonable.

The reasonableness of fees is determined using the "lodestar" method, in which the Court multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB–P. D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (recognizing that the lodestar figure carries a "strong presumption" of reasonableness). A court may adjust the lodestar figure in unusual circumstances, such as duplicative billing, excessive interviews and investigation, or other types of inexcusable inefficiency. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

**1. Reasonableness of Hours Expended**

Gonzales requests compensation for 55.2 hours billed to defend the contributory infringement claim only. Gonzales has not included any fees for defending the direct infringement claim, or fees for litigating his fee motion. The Court finds that 55.2 hours was a reasonable expenditure of time to defend against the contributory infringement claim.[5]

[5] This Court need not adjust the lodestar figure for partial success, because Gonzales requests only fees relating to the successful claim. *Cf. Gates v. Deukmejian*, 987 F.2d 1392, 1403–04 (9th Cir. 1992) (finding abuse of discretion for failure to adjust the lodestar figure to reflect a litigant's partial success).

**2. Reasonableness of Billing Rate**

Local Rule 54-3 provides that "the Court uses the most recent Oregon State Bar Economic Survey as its initial benchmark." LR 54-3(a). Gonzales' attorney submitted the latest Oregon State Bar Economic Survey in support of his request for a $312 hourly rate. The average rate for a similarly-situated attorney in the Portland area is $312 per hour (Def's Mot. Ex. C), and that is a reasonable hourly rate for Gonzales' attorney.

Gonzales' attorney defended the claim competently, and there is no reason to deviate from the presumptively appropriate lodestar figure. Therefore, the Court concludes that Gonzales is entitled to $17,222.40 in attorney's fees.

**CONCLUSION**

For the reasons stated above, the district judge should enter judgment dismissing Plaintiff's claims against Gonzales with prejudice, GRANT Gonzales' request for attorney's fees in the amount of $17,222.40, and GRANT Gonzales' request for costs in the amount of $252.20.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 2nd day of December, 2016.

STACIE F. BECKERMAN
United States Magistrate Judge