Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COBBLER NEVADA, LLC**, <br><br>             Plaintiff, <br><br> v. <br><br> **THOMAS GONZALES,** <br><br>             Defendant. | Case No.: 3:15-cv-00866-SB <br><br> **PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION OF THE MAGISTRATE** <br> Ecf. 51. |

**PLAINTIFF'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION OF THE MAGISTRATE**

In the Findings and Recommendation of the Magistrate, it is recommended that Defendant be awarded costs and fees and that Plaintiff's claim against Gonzales should be dismissed with prejudice.

For the reasons argued in prior filings, specifically Ecf. 48, and 49, and as argued below, Cobbler objects to the findings and recommendation.

///

///

## MEMORANDUM AND ARGUMENT

**A.  The Magistrate's Findings fail to follow established precedent.**

The Magistrate has made clear in her Court, "fee shifting is inappropriate in this case … fee shifting in mass copyright litigation does not satisfy the *Fogerty* factors." *Cobbler Nevada v. Cerritos*, 3:15-cv-01228-SB, (D. Or. Dec. 9, 2016).  The Magistrate also affirms "Prevailing plaintiffs and prevailing defendants are to be treated alike." Ecf. 51 at 8, citing *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 534 (1994).  Declining to award a prevailing party attorney fees for bittorrent or mass copyright claims is not a recent development subsequent to the Magistrate's findings in this action but clearly established precedent in a number of prior cases. *See, Anonymous Users of Popcorn Time*, 3:15-cv-01550-SB, (D. Or. Aug. 10, 2016); *Glacier Films (USA), Inc. v. Turchin*, 3:15-cv-1817-SB, (D. Or. Aug. 10, 2016); *Glacier Films (USA), Inc. et al v. Tenorio*, 3:15-cv-01729-SB, (D. Or., Nov. 22, 2016).

Both prior to and subsequent to the findings and recommendation in this action, and even in the instances of admitted willful and persistent infringing activity by an unrepentant defendant, it has been established that before the Magistrate: a) prevailing plaintiffs and defendants are to be treated alike; b) and fee shifting for bittorrent litigation is inappropriate. That is except now in this one case the Magistrate discards her established doctrine and elects erratic discretion over consistency.

A court should follow established standard instead of "proclivities." *Vasquez v. Hillery*, 474 U.S. 254, 265, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). The doctrine of *stare decisis* dictates that there should be no prevailing party fees in this case to "ensure that the law will not merely change erratically, but will develop in a principled and intelligible fashion." *Id*; *See also, Oregon Natural Desert Ass'n v. U.S. Forest Service*, 550 F.3d 778 (9th Cir., 2008).  To permit the Magistrate to maintain a persistent opinion that, "fee shifting is inappropriate in… mass

copyright litigation" cases such as this case, and affirm plaintiffs and defendants must be treated alike, dictates that the standard should be applied consistently, equally, and fairly, and attorney fees should be denied in this action as they have been in others.

**B.  The Findings are not supported by the clear facts of this case.**

Contrary to the statement of the Magistrate that, "Plaintiff obtained no relief in this action…" Plaintiff did in fact obtain the sought after relief, namely the terminating of the infringing activity, which if not perpetrated by Mr. Gonzales, was facilitated by Mr. Gonzales for years after hundreds of notices, many of which Mr. Gonzales acknowledged he received.  Years of extra-judicial notices and warnings failed to stem thousands of infringements.  But with Plaintiff's filing of a civil action and naming Mr. Gonzales, the infringing activity finally stopped, demonstrating at least that Mr. Gonzales has control.  And as no economic relief was *ever sought*, Plaintiff has both furthered the intent of the Copyright Act by bringing an end to infringing activity and obtained the substantial relief sought, namely the termination of the activity of an active and persistent pirate of motion pictures, including plaintiff's motion picture.

The concern over, "extracting large settlements" is similarly misplaced as the Magistrate has previously cited this same concern with respect to a number of other cases in which all costs, fees and damages were waived, as was the initial and persistent offer in this action. Ecf. 49-2. (A settlement offer that "fully resolves this matter without any assessment of costs fees or damages.")

Similarly, the concerns over Plaintiff prolonging this litigation are unsupported as Counsel for the defendant rebuked attempts to confer, jumping straight to the relevant motion. Ecf. 29, p. 1-2.  Then after the relevant motion was filed, it was the Defendant that has made financial demands on Plaintiff for a settlement.

///

    **C. Plaintiff is not precluded from filing another claim against Gonzales, including an indirect infringement claim.**

Contrary to the conclusory statements of the Magistrate, still available to Plaintiff is a claim of direct infringement and indirect infringement based on the theory of a claim for vicarious infringement. The facts and developments of this case now cast in doubt Mr. Gonzales' early claims he was not an occupant of the residence, increasing the likelihood of his being the direct infringer. This is bolstered by his personal disregard of hundreds of notices and warnings and the narrowing of the field of any other possible defendant. But even under the defendant's arguments that Gonzales provided internet service to possible third party commercial tenants along with other services, who defendant implies should be found to be the proper liable parties, this clearly encroaches on vicarious infringement liability, especially as enhanced by the more than 400 prior notices of infringing conduct. That such facts have not been plead does not preclude plaintiff having the right to file a complaint so pleading.

    **D. CONCLUSION**

As argued in Cobbler's prior briefing and above, Plaintiff objects to the Findings and Recommendation of the Magistrate.

It is quite clear that there is an opposition to Plaintiff's enforcing its rights though the only available means and in the exclusive manner dictated by the Copyright Act. But any opposition to the application of the sole and exclusive means of relief available to Plaintiff should not be to punish a plaintiff because they own copyrights which are the target of widespread theft any more than a Court should disregard any other law which they might oppose.

///

///

For the reasons argued above and in opposition to the motion for attorney fees, Plaintiff maintains costs and fees are not properly awarded in this action. And as this matter has been dismissed, there cannot be a further adjudication of a prevailing party and any such adjudication is beyond the jurisdiction of the court.

DATED: December 19, 2016.

                                        Respectfully submitted,

CROWELL LAW

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
503-581-1240
Of attorneys for the plaintiff