David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503)679-1671
ecf@mersenne.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

|  |  |
|---|---|
| **COBBLER NEVADA, LLC**, <br> *Plaintiff* <br><br> *v.* <br><br> **Thomas GONZALES**, <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.: ...........3:15-cv-00866-SB

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS & RECOMMENDATION**

## DEFENDANT'S RESPONSE TO OBJECTION TO FINDINGS & RECOMMENDATION

Defendant GONZALES submits this Response to Plaintiff COBBLER NEVADA, LLC's ("COBBLER's") Objections (doc. 53) to Magistrate Judge Beckerman's Findings and Recommendation ("F&R," doc. 51) awarding substantially all of the relief Defendant sought in his Motion for Award of Costs and Attorney Fees (doc. 47).  For the reasons discussed below, the Court should ADOPT the magistrate's recommendations in their entirety.

## INTRODUCTION

Magistrate Judge Beckerman's Findings & Recommendation ("F&R," doc. 51) advocates that this Court take two actions: (1) dismiss all of Plaintiff's unfounded claims against Defendant with prejudice; and (2) award GONZALES some of the attorney fees and costs he suffered as a direct result of Plaintiff's "objectively unreasonable" litigation activities. Both recommended actions and the supporting findings and reasoning should be adopted.

## 1. ENTRY OF FINAL JUDGMENT

Judge Brown previously adopted Magistrate Judge Beckerman's first Findings & Recommendations in this case, dismissing Plaintiff's indirect-infringement claim with prejudice, and its direct-infringement claim with leave to amend (docs 39, 35). Nevertheless, Plaintiff has continued to assert that it could file a new indirect infringement claim against GONZALES based on the same conduct complained of before. The magistrate's reasoned assessment of that position is simple and concise: "Plaintiff is wrong." (F&R at p. 5.)

As to the direct-infringement claim, the magistrate correctly points out that Plaintiff's claim against GONZALES was dismissed *by the Court*[1] with leave to amend, but Plaintiff failed to avail itself of the opportunity to do so. (Instead, COBBLER attempted to rewind its case to claims against an unknown Doe defendant, and then voluntarily dismissed those claims *against the Doe*.) And although Plaintiff now insinuates that "facts and developments of this case" would allow it to charge GONZALES anew with both direct and indirect infringement, it is wrong again: that ship

---

[1] Such a dismissal is, of course, against Plaintiff's wishes, which is to say, *in*voluntary.

*Defendant's Response to Plaintiff's Objections to*
*Magistrate Judge Beckerman's Findings & Recommendation*

has sailed.

*Res judicata* prevents Plaintiff from relitigating issues that were or could have been raised in the indirect-infringement claim, and collateral estoppel prevents it from imposing further cost and vexation upon Defendant (and from further burdening the courts) relitigating issues that it had a full and fair opportunity[2] to litigate in this case. In its Objections, Plaintiff makes no attempt to distinguish *Allen v. Curry*, 449 U.S. 90 (1980), cited by the magistrate, which discusses and endorses the use of *res judicata* and collateral estoppel by the federal courts, and there is no reason to leave Plaintiff with even a glimmer of its false hope of future legal action against Mr. GONZALES.

Magistrate Judge Beckerman is correct: the Court should enter final judgment against Plaintiff COBBLER NEVADA and in favor of Defendant GONZALES.

## 2. AWARD OF PREVAILING-PARTY FEES

Plaintiff appears to believe that "precedent" requires a court to exercise its discretion in the same manner in every case.  Once again, Plaintiff is wrong.

Precedent supports a court's decision on a legal question.  The court should give the same legal effect to a particular set of undisputed facts that was given in an earlier case, or identify other facts that justify a different outcome.  For example, in this case, precedent supported the determination that an Internet subscriber who does not use or control the service, but who merely pays the bill for it, is not liable for contributory copyright infringement.  The undisputed facts compelled the legal conclusion under established precedent.

Discretion, on the other hand, may be exercised by a court to influence the

---

[2] including the aforementioned opportunity to amend its complaint.

*Defendant's Response to Plaintiff's Objections to*
*Magistrate Judge Beckerman's Findings & Recommendation*

behavior of the parties before it (or conversely, in response to the behavior of those parties).  Discretion cannot change a legal outcome; it can only select a particular consequence from a range of permissible consequences flowing from the legal outcome.  A court might abuse its discretion by selecting a consequence outside the permissible range or by ignoring guidance from reviewing courts on the exercise of discretion in similar situations.  It might also select a facially-reasonable consequence but fail to clearly explain why.  Magistrate Judge Beckerman has made none of these errors.

Plaintiff pursued Defendant on claims that were objectively unreasonable under facts known to Plaintiff at the time the claims were made, including an indirect infringement claim that lacked legal as well as factual basis.  Magistrate Judge Beckerman's analysis of Defendant's limited request for only the fees and costs associated with his successful challenge to Plaintiff's indirect-infringement claim carefully follows applicable Supreme Court and Ninth Circuit guidance on the exercise of discretion in awarding fees and costs, and reaches a conclusion that is within the statutorily-permissible range.  Apart from Plaintiff's incorrect understanding of "precedent" and "discretion," its only dispute with the Recommendation appears to be that the magistrate's equally careful exercise of discretion in a different case came out against a different plaintiff (which happened to be represented by the same counsel, Mr. Crowell).  But that is not an example of treating prevailing plaintiffs and defendants differently, as Plaintiff would have it; it is merely treating a misbehaving party consistently, whether the misbehavior is the unreasonable pursuit of invalid claims (in the present case), or the unreasonable inflation of costs and fees to coerce an

overreaching settlement (in the earlier case, now on appeal as *Glacier Films (USA) Inc. et al. v. Turchin*, 16-35688 (3:15-cv-1817-SB)).

The exercise of the court's discretion here, which resulted in an outcome within statutorily permissible bounds, according to relevant guidance, and in view of the parties' conduct before the court, is more than just acceptable – it is *essential* to protect both the perceived and actual fairness of the system.

CONCLUSION

For the foregoing reasons, Defendant GONZALES urges the Court to ADOPT Magistrate Judge Beckerman's Findings and Recommendation, and (1) enter judgment dismissing Plaintiff's claims against GONZALES with prejudice, and (2) grant GONZALES's requested fees and costs (as adjusted, F&R p. 14).  Further, the Court should require Plaintiff to post a bond securing the awarded fees in the event that it appeals the decision to the Ninth Circuit.

29 December 2017         /David H. Madden/

_____          _____
Date                     David H. Madden, SBN OR080396
                         Attorney for Defendant Thomas GONZALES
                         Mersenne Law
                         9600 S.W. Oak Street
                         Suite 500
                         Tigard, Oregon 97223
                         dhm@mersenne.com
                         (503)679-1671

<u>**C**ERTIFICATE OF **S**ERVICE</u>

The undersigned hereby certifies that a true and correct copy of the document entitled:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS & RECOMMENDATION**

was served upon the parties listed below on the date indicated,

☐    by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made:

☐  by delivery of a true copy of the document to the party to be served;

☐  by delivering a true copy of the document to the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served;

☐  by leaving a true copy of the document during working hours at an office maintained by the party to be served for the conduct of business, with the person who is apparently in charge;

☐  by mailing a true copy of the document to the party by first class mail and by any of the following: certified, registered, or express mail with return receipt requested;

☐    by delivering a copy of the document to the individual personally;

☐    by leaving a copy of the document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

☐    by delivering a copy of the document to an agent authorized by appointment or by law to receive service of process;

☒    by electronic filing notification (PACER); *or*

☐    other:  courtesy copy by electronic mail to  crowell@crowell-law.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiff COBBLER NEVADA, LLC

_____        _____
          29 December 2016
                Date                                    David H. Madden