IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COBBLER NEVADA, LLC**,

    Plaintiff,

v.

**THOMAS GONZALES**,

    Defendant.

Case No. 3:15-cv-866-SB

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation in this case on December 2, 2016. ECF 51. Judge Beckerman recommended that the Court issue a judgment dismissing all claims against Defendant Thomas Gonzales with prejudice and that his motion for attorney's fees be granted.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

Plaintiff timely filed an objection. ECF 53. The Court has reviewed *de novo* the portions of the Findings and Recommendation to which Plaintiff has objected, the objections, the response, and the underlying briefing before Judge Beckerman.

Plaintiff objects to Judge Beckerman's recommendation that judgment be issued dismissing the claims against Mr. Gonzales. Plaintiff argues that because it voluntarily dismissed this "case" without prejudice, the Court cannot enter a judgment dismissing the claims against Mr. Gonzales with prejudice. The Court rejects Plaintiff's contention that it voluntarily dismissed this "case."

During the course of this litigation, Plaintiff brought claims against two different defendants—Doe-24.21.136.125 and Mr. Gonzales. On June 8, 2016, the Court dismissed Plaintiff's claims against Mr. Gonzales alleging direct copyright infringement without prejudice and indirect copyright infringement with prejudice. ECF 39. The Court allowed Plaintiff until July 18, 2016, to file a Second Amended Complaint against Mr. Gonzales alleging only direct copyright infringement, if Plaintiff could cure the deficiencies identified by the Court. ECF 40. Instead of filing suit against Mr. Gonzales, however, Plaintiff elected to name in its Second Amended Complaint only Defendant Doe-24.21.136.125. ECF 41.

The Court issued an order to show cause why the Second Amended Complaint should not be dismissed for failing to cure the deficiencies identified by the Court when dismissing the First Amended Complaint, or for failing timely to identify the Doe defendant. ECF 44. In response, Plaintiff voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) its Second Amended Complaint, which asserted claims only against Doe-24.21.136.125. ECF 45.

Plaintiff's voluntary dismissal resolved its claims only against Defendant Doe-24.21.136.125. It did not resolve Plaintiff's claims against Defendant Gonzales. Thus, a judgment still needs to be entered resolving the claims against Defendant Gonzales. Accordingly, in accordance with the Court's Order dated June 8, 2016, adopting the Findings and Recommendation dated March 18, 2016, the Court will enter a judgment in favor of Defendant Gonzalez, dismissing Plaintiff's direct copyright infringement claim without prejudice and its indirect copyright infringement claim with prejudice.

Plaintiff also objects to Judge Beckerman's recommendation that prevailing party attorney's fees be granted to Mr. Gonzales. Plaintiff argues that attorney's fees and costs should not be granted because to Mr. Gonzales is not the prevailing party and does not deserve fees under the Copyright Act.[1] Plaintiff does not object to the reasonableness of the amount of attorney's fees requested, and Plaintiff does not argue that Mr. Gonzales seeks fees for work related to claims other than the indirect infringement claim.

The Court agrees with Judge Beckerman that Mr. Gonzales is the prevailing party for purposes of the Copyright Act with respect to Plaintiff's indirect infringement claim, and adopts that portion of Section II of the Findings and Recommendation. That is the only claim for which Mr. Gonzales seeks attorney's fees. Thus, the Court does not analyze prevailing party status for the direct infringement claim and declines to adopt the remaining portion of Section II of the Findings and Recommendation. The Court also adopts Sections III and IV[2] of the Findings and

---

[1] Plaintiff also objects that Judge Beckerman should not award fees to Mr. Gonzales in this case because she does not award fees to plaintiffs in other BitTorrent movie copyright cases. Because Plaintiff objects to the award of attorney's fees in this case, this Court reviews the issue of attorney's fees *de novo*. Accordingly, the Court disregards Plaintiff's argument relating to Judge Beckerman's fee award practice.

[2] It appears there is a scrivener's error in the Findings and Recommendation and these sections are misidentified as Sections II and III

PAGE 3 – ORDER

Recommendation evaluating the appropriateness of awarding fees under the Copyright Act and the reasonableness of the requested fees and costs, with the exception of the sentence in Section IV.B.2 referencing Local Rule 54-3.[3]

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS IN PART** Judge Beckerman's Findings and Recommendation, ECF 51, as explained herein. Plaintiff's motion for attorney's fees and costs (ECF 47) is GRANTED IN PART. The Court will issue a Judgment dismissing with prejudice Plaintiff's

---

[3] The Findings and Recommendation states that Local Rule 54-3(a) provides that "the Court uses the most recent Oregon State Bar Economic Survey as its initial benchmark." This sentence, however, is not formally part of Local Rule 54-3. It is only stated in a "Practice Tip."

indirect infringement claim and without prejudice Plaintiff's direct infringement claim against Mr. Gonzales. Attorney's fees are awarded in the amount of $17,222.40 and costs are awarded in the amount of $252.20.

**IT IS SO ORDERED.**

DATED this 4th day of January, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge