IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COBBLER NEVADA, LLC,

        Plaintiff,

v.

THOMAS GONZALES,

        Defendant.

Case No. 3:15-cv-00866-SB

**ORDER**

**BECKERMAN, Magistrate Judge.**

On January 4, 2017, the Court entered Judgment for Defendant and awarded attorney's fees and costs in the amount of $17,474.60. (ECF No. 56.) On November 17, 2017, the Court GRANTED Plaintiff's Unopposed Motion to Permit the Deposit of Funds for Supersedeas Bond or Surety and Stay Enforcement of Judgment. (ECF Nos. 60, 62.) On the same day, Plaintiff made a cash deposit with the Court of $18,347.91 (5% over judgment). (ECF No. 64.) Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, Plaintiff moves for approval of the surety deposited with the Court and an order staying enforcement of the Judgment pending the Ninth Circuit's decision on appeal.

PAGE 1 – ORDER

Rule 62(d) entitles an appellant "to obtain a stay by supersedeas bond" pending an appeal. *See also* Redwind v. W. Union, LLC, 3:14-cv-01699-AC, 2017 WL 1025184, at *6 (D. Or. Mar. 16, 2017) ("Litigants may obtain a stay of an order as a matter of right by obtaining a supersedeas bond." (citing Fed. R. Civ. P. 62(d))). Although Rule 62(d) "provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee." *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985).

Accordingly, the Court approves Plaintiff's cash deposit with the Court in lieu of a supersedeas bond. Further, the record does not demonstrate that Defendant will suffer undue prejudice by a stay of the Judgment. As such, the Court GRANTS Plaintiff's Application for Approval of Surety and Stay Enforcement of Judgment (ECF No. 63), pending the Ninth Circuit's ruling on the merits of Plaintiff's appeal.

**IT IS SO ORDERED.**

DATED this 19th day of December, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge